IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-00319 ACK-KSC |
| | ) |
| RONALD B. STATON, BRENDA STATON, | ) |
| NAVY FEDERAL CREDIT UNION, | ) |
| CAPSTEAD MORTGAGE CORPORATION, | ) |
| and STATE OF HAWAII, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER FINDING DEFENDANT BRENDA STATON'S CLAIM THAT THE FORECLOSURE SALE FAILS TO PROTECT HER INTEREST IN THE PROPERTY TO BE WITHOUT MERIT

For the reasons set forth below, the Court FINDS Defendant Brenda Staton's claim that the foreclosure sale fails to protect her interest in the property to be without merit.

### BACKGROUND

For the purposes of this Order, the Court will not recount this case's lengthy procedural history beginning in 2012. The Court only discusses those facts of specific relevance to Defendant Brenda Staton's ("Mrs. Staton") claim.

On August 31, 2015, the Court granted Plaintiff's Motion for Summary Judgment on the Third Claim in the Complaint and issued an Order of Foreclosure and Judicial Sale ("Foreclosure Order") of the Staton's home (the "Property"). ECF Nos. 157, 158. On September 1, 2015, Defendant Ronald

1

Staton ("Mr. Staton") filed a petition for relief under 11 U.S.C. § 301 in the United States Bankruptcy Court for the District of Hawaii. ECF No. 160-1. In view of Mr. Staton's bankruptcy petition, the Court stayed the instant case. ECF No. 161. On December 7, 2015, the court reinstated the Foreclosure Order in response to the Bankruptcy Court's Order Granting United States' Motion for Relief from Automatic Stay. ECF No. 168.

On November 16, 2016, Mr. Staton filed a second petition for relief under 11 U.S.C. § 301 in the United States Bankruptcy Court for the District of Hawaii. ECF No. 208. In view of Mr. Staton's bankruptcy petition, the Court again stayed the instant case. ECF No. 209. After Mr. Staton's second petition for relief under 11 U.S.C. § 301 was dismissed, the Court, on April 24, 2017, reinstated its Foreclosure Order and directed the parties to proceed in accordance therewith. ECF No. 212.

On June 20, 2017, the day before the scheduled foreclosure sale auction, Defendant Mrs. Staton filed a petition for relief under 11 U.S.C. § 301 in the United States Bankruptcy Court for the District of Hawaii. ECF No. 214. In light of Mrs. Staton's bankruptcy petition, the Court, again, stayed the case. ECF No. 215.

On August 7, 2017, Plaintiff filed a Motion for Relief

from Automatic Stay in the Bankruptcy Court. On October 6, 2017, the Bankruptcy Court entered an order granting Plaintiff's Motion for Relief from Automatic Stay. In light of the Bankruptcy Court's ruling, the Court again unstayed the case and reinstated its Foreclosure Order and directed the parties to proceed in accordance therewith. ECF No. 219.

On December 8, 2017, Defendant Ronald B. Staton filed an Emergency Motion to Strike Notice of Lis Pendens (NOPA), ECF. No. 226, together with a Supplement to the Emergency Motion, ECF No. 227. Defendant Staton represented that he obtained financing in the amount of $1,032,000 to pay off all liens on the property with a closing date set for December 8, 2017. The foreclosure sale of the Property was set for December 20, 2017. ECF No. 230. On December 11, 2017, the Court held a hearing on this matter and ordered the parties to have a settlement conference with Magistrate Judge Chang. ECF No. 234.

On December 18, 2017, a settlement conference was held and was ended by Magistrate Judge Chang because the Statons could not produce a loan commitment letter from the lender for the previously described financing. ECF No. 244. Later that day, the Statons filed an Emergency Motion Regarding Foreclosure and Request for a Hearing and Stay Pending Hearing. ECF No. 241. The Court held a hearing that same day and concluded that the foreclosure of the property will proceed on December 20,

2017.  ECF No. 243.

On December 19, 2017, the Statons filed a Notice Re: Conditional Loan Approval Letter and requested a stay of the foreclosure sale.  ECF No. 245.  The Court held a hearing the morning of December 20, 2017 regarding the Notice.  ECF No. 251. The Court denied the request for a stay and ordered the foreclosure sale to proceed.  Id.  The foreclosure sale proceeded on December 20, 2017 around 12:00pm on the steps of the U.S. District Court for the District of Hawaii.

On December 21, 2017, the Commissioner filed a Notice of Sale, informing the Court that the subject property was sold at foreclosure sale on December 20, 2017 to a third-party bidder for $1,135,000.00 subject to confirmation by the Court.  ECF No. 254.

On December 21, 2017, the United States filed Notice of Defendant Ronald Staton's Bankruptcy Case, stating that on December 20, 2017, Defendant Ronald Staton filed a new bankruptcy case, and that the United States seeks to intend a lifting of the stay on that bankruptcy case so that the Commissioner's sale can be confirmed.  ECF No. 253.

On December 22, 2017, Defendant Brenda Staton filed a Notice of Pendency of Action, asserting that she is contesting the validity of the foreclosure sale as having been filed in violation of Mr. Staton's bankruptcy, which she asserts was

4

filed at 11:54am, and that the aforementioned sale fails "to protect defendant interests in the property." ECF No. 255.

The Bankruptcy Court held a hearing on January 30, 2018 to consider the United States's Motion for Relief from Stay, which was filed on December 22, 2017, to allow the Commissioner's auction of the residence <u>nunc</u> <u>pro</u> <u>tunc</u> and to allow this Court to proceed with the Confirmation.

In view of Mrs. Staton having filed Notice of Pendency of Action, the Court directed the parties to file briefs on Mrs. Staton's claim. ECF No. 258.

On January 17, 2018, the Statons filed a Brief in Support of Claim of Failure to Protect Defendant Interests in Real Property. ECF No. 260. On January 23, 2018, the United States filed a Memorandum in Response to the Statons' December 22, 2017 and January 17, 2018 briefs. ECF No. 261. On January 24, 2018, Defendants Navy Federal Credit Union and Capstead Mortgage Corporation also filed Response to Brenda Staton's Brief in Support of Claim of Failure to Protect Defendant Interests in Real Property. ECF No. 262.

On January 31, 2018, the Bankruptcy Court entered an Order Granting Motion for Relief from Automatic Stay ("Bankruptcy Court's Order") and applied the lifting of the stay retroactively to December 20, 2017. This Court originally had a hearing scheduled for January 31, 2018 to hear Mrs. Staton's

claim but continued the hearing until February 16, 2018 because (1) Plaintiff did not seek a waiver of the 14-day stay provided under Fed. R. Bankr. P. 4001(a)(3) in Mr. Staton's current bankrupty case (17-01316); and (2) Plaintiff seemingly failed to record the Bankruptcy Court's Order in Mrs. Staton's prior bankruptcy case (17-00604) granting relief from the stay, which provided for "'in rem' relief, i.e. this order is binding with respect to the subject property for 240 days after the date of the entry of this order in any other bankruptcy case that has been or may be filed." ECF No. 268.

On February 12, 2018, Mr. Staton filed a Motion to Vacate, Alter, or Amend Order Granting Relief from Automatic Stay Retroactive to December 20, 2017 in the Bankruptcy Court. On February 15, 2018, the Bankruptcy Court denied this Motion. On that same date, Mr. Staton filed a Notice of Appeal of the Bankruptcy Court's Order and its subsequent denial of his Motion to Vacate, Alter, or Amend. However, Mr. Staton has not yet filed a motion to stay pending appeal.

The Court held a hearing on February 16, 2018 (after the 14-day stay provided under Fed. R. Bankr. P. 4001(a)(3) expired) to consider Defendant Brenda Staton's assertion that there has been a failure "to protect defendant interests in the property."

## DISCUSSION

Herein, the Court considers and rejects the Statons'
various arguments in turn.

First, the Statons contend that this Court was not
free to entertain or order the filing of briefs by the parties
until the Bankruptcy Court grants relief from the automatic
stay.  Given that the Bankruptcy Court has granted the United
States's Motion for Relief from the Automatic Stay, this issue
is now moot.  The Court determined the schedule for its hearing
on Mrs. Staton's claim in relation to the Bankruptcy Court's
schedule.  Moreover, the Court was not then aware that the order
precluding a bankruptcy stay for 240 days had not been recorded.
The Court further finds that the Statons did not suffer any
prejudice by the Court's direction to file briefing on this
issue.

Second, the Statons argue that the Property was
illegally auctioned after the automatic stay under 11 U.S.C. §
362(a) had taken effect.  Because the Bankruptcy Court's Order
granted relief nunc pro tunc to December 20, 2017, the
Bankruptcy Court has already addressed the Statons' argument and
the foreclosure sale was not illegal.

Third, the Statons contend that the bid accepted by
the Commissioner falls short of an alleged recent appraisal of
the Property of $1,650,000.00 and that the Commissioner failed

to conduct an aggressive bidding process which should have resulted in a higher sales price. The Court does not find this argument convincing. The Statons have provided no proof regarding this recent appraised value. The successful bid of $1,135,000 was relatively close to the real property tax appraisal value of $1,366,900. Furthermore, in a forced sale scenario, such as an auction, the auction sales price may not match the fair market value of the property, and it is not uncommon for properties to sell below their fair market value. In addition, as the United States notes, "in the past, the Statons did not always cooperate with the Commissioner regarding pre-sale open houses held at the residence and their lack of cooperation may be a reason that the auction price was not higher."[1] ECF No. 261 at 4. The Statons have also failed to substantiate their claim that the Commissioner failed to conduct an aggressive bidding process with any factual evidence. In fact, the Commissioner reported at the hearing that the bidding was very active, with some 50 bids.

---

[1] See, e.g., ECF No. 176 ("Commissioner Lyle Hosoda filed a Second Motion for Instructions on January 22, 2016 . . . He reported Defendant Ronald Station refuses to cooperate with an inspection of the property and holding open houses . . ."); ECF No. 181 ("The Order and Writ of Assistance (Writ of Assistance) was issued as a result of Commissioner Lyle Hosoda . . . reporting that Defendants Statons continued to refuse to cooperate with the Commissioners efforts to inspect the subject property and to hold open houses in conjunction with proceeding with the foreclosure sale . . .").

Fourth, the Statons argue that Mrs. Staton will only receive about $50,000 from the Commissioner's auction. This assertion is without merit. In the Court's August 31, 2015 Order Granting Plaintiff's Motion for Summary Judgment on the Third Claim in the Complaint, the Court, in determining that Mrs. Staton's half interest in the Property held as tenants by the entirety should be included in the foreclosure sale, held the following:

> In order to enforce its tax liens, the Government is empowered, under 26 U.S.C. § 7403, to join all parties with an interest in the subject property and request a judicial sale of the property. United States v. Rodgers, 461, 677, 691-92 (1983) (citing 26 U.S.C. § 7403). The Government may seek the sale not only of the debtor's interest in the property, but the entire property held by the debtor and his spouse in a tenancy by the entirety. Id. at 693-94; see also In re Pletz, 221 F.3d 1114, 1118 (9th Cir. 2000). In such instances, the Court may order the sale of the entire property and compensate the nondebtor spouse for her ownership interest. Pletz, 221 F.3d at 1117 (citations omitted). Each spouse owns a fifty percent interest in property held as tenants by the entirety under Hawaii law. Lindsey, 2013 WL 3947757 at *6 n.3 (citations omitted); United States v. Webb, Civ. No. 07-00564 JMS-KSC, 2008 WL 4761745 * 6 n.12 (D. Haw. Oct. 23, 2008) (citations omitted) . . . The evidence shows that Ronald Staton and Brenda Staton purchased and own the Residence as tenants by the entirety, as reflected in the Agreement of Sale and Deed. Duffy Decl. ¶¶ 8-9, Exs. G, H, ECF Nos. 109-2, 109-4, 109-5.
>
> . . .

Brenda Staton has an interest in the
Residence that must be taken into account.
According to the Title Report for the
Residence, she and Ronald Staton own the
Residence as tenants by the entirety. Title
Report at 1, ECF No. 138-2. In this
jurisdiction, a court may order the sale of
the entire property under 26 U.S.C. § 7403
and compensate a nondebtor spouse for her
fifty percent interest from the sale
proceeds. See Pletz, 221 F.3d at 1117;
Lindsey, 2013 WL 3947757 at * 6 n.3
(citations omitted); Webb, 2008 WL 4761745 *
6 n.12 (citations omitted).

However, the Title Report also shows that
Brenda and Ronald Staton are jointly liable
on the Capstead mortgage for the Residence.
See Title Report at 3, ECF No. 138-2. The
uncontested amount owed under the Statons'
mortgage is $294,708.82 as of July 31, 2015.
See Capstead's Supp. Rpt. at 2, ECF No. 151;
Sieber Affd. ¶ 5, ECF No. 156; Tr. 15:11-18.

Accordingly, since the Court has determined
that the Statons' Residence should be
foreclosed and sold free and clear of all
liens, including Capstead's senior mortgage,
without objection from any party, the
foreclosure of Capstead's mortgage
necessarily includes Brenda Staton's one-
half interest in the Residence.

ECF No. 157 at 17-18, 22-23.

Because the Statons own the residence as tenants by

the entirety and the federal tax debts are only owed by Ronald

Staton, Brenda Staton will share equally with the United States,

after the Commissioner's fees and costs, any amount owing to the

City and County of Honolulu, and the first mortgage holder has

been paid for its principal, interest, fees, and costs. ECF No.

158 at 11.  The Court notes that, given the amount the property

sold for at the auction and the aforementioned priority of the

parties' claims, the United States has estimated that Mrs.

Staton would receive around over $300,000 from the sale—a number

which is significantly higher than her claimed $50,000.  ECF No.

261 at 3-4.  As the Court has stated previously, however, the

disbursement and value of entitlements will be decided after the

foreclosure sale of the Property is confirmed.  ECF No. 158 at

11.

        Fifth, the Statons claim that they were in the

process of obtaining a loan to pay off the creditors and would

have closed on two proposed loans if the United States had not

frustrated the process by refusing to lift its Notice of

Pendency of Action to facilitate the closing.  ECF No. 260 at 3.

In regard to the first alleged loan, the Court addressed this

issue at a hearing on December 11, 2017 in response to the

Statons' Emergency Motion to Strike Notice of Lis Pendens.  ECF

No. 226.  At the hearing, the Court denied the motion and

allowed the foreclosure sale set for December 20, 2017 to

proceed.  ECF No. 234.  In regard to the second alleged loan, at

a hearing about it on December 20, 2017, other factual

circumstances were brought to the attention of the Staton's

lender—who was in attendance at the hearing by phone—which

caused the lender to confirm that it could not provide a loan to

the Statons.  ECF No. 262-1 at 3-4.  At the December 20, 2017
hearing, the Court then allowed the foreclosure to proceed.  ECF
No. 251.  The Statons have never come forward with a loan
commitment that would pay off all the liens.

## CONCLUSION

        For the foregoing reasons, the Court FINDS Defendant
Brenda Staton's claim that the foreclosure sale fails to protect
her interests in the property to be without merit.

        IT IS SO ORDERED.

        Date: Honolulu, Hawaii, February 16, 2018


_____
Alan C. Kay
Sr. United States District Judge


United States v. Staton, et al., Civ. No. 12-00319 ACK-KSC, Order Finding
Defendant Brenda Staton's Claim that the Foreclosure Fails to Protect Her
Interest in the Property to be Without Merit.