IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-00319 ACK-KSC |
| | ) |
| RONALD B. STATON, BRENDA STATON, | ) |
| NAVY FEDERAL CREDIT UNION, | ) |
| CAPSTEAD MORTGAGE CORPORATION, | ) |
| and STATE OF HAWAII, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER CONFIRMING SALE, APPROVING COMMISSIONER'S REPORT, AND DETERMINING PRIORITY OF FUTURE DISBURSEMENTS

For the reasons discussed below, the Court GRANTS Plaintiff's Motion for an Order Confirming Sale, Approving Commissioner's Report and Distributing Proceeds as follows:

1) The sale is confirmed;

2) The Commissioner's Report is approved; and

3) The proposed order of priority for future disbursements is approved.

As to the distribution of sale proceeds, the Court will reserve consideration of that issue pending a final determination of: (a) the reasonable amount of attorneys' fees and costs to which Defendant Capstead Mortgage Corporation is entitled; and (b) the amount of interest and penalties, as part of Defendant Ronald Staton's federal tax liabilities, to which Plaintiff is entitled. The Court will rule on the ultimate

amount of sale proceeds to be distributed to each party, and order distribution, following a separate hearing.

**BACKGROUND**

On or about August 19, 1987, Defendants Ronald Staton ("Mr. Staton") and Brenda Staton ("Mrs. Staton," and together with Mr. Staton, the "Statons") entered into an Agreement of Sale to purchase a property (the "Residence") located at 233 Kalalau Street, Honolulu, Hawaii 96825, and identified by Tax Map Key No. (1)3-9-023-039. ECF Nos. 109-2, 109-4. The Statons were granted the Deed to the Residence on or about July 30, 1990. ECF Nos. 109-2, 109-5. The Agreement of Sale and Deed indicate that the Statons purchased and own the Residence as tenants by the entirety. ECF Nos. 109-2, 109-4, 109-5.

The Statons failed to pay federal income taxes from 2000 through 2007. Tax and related assessments were made against Ronald Staton individually for the 2001 through 2007 income tax years.[1] Despite the Plaintiff United States' (the "Government") notice and demand for payment, Mr. Staton did not pay the full assessment amounts. ECF No. 1. Mr. Staton's total

---

[1] Brenda Staton's liability for federal income taxes for 2000, a year during which she filed jointly with Ronald Staton, is no longer an issue. ECF No. 89-1.

liability reduced to judgment is $355,526.74, without considering accrued interest or applicable payments and credits.[2]

The Government filed notices of its federal tax liens ("NFTL's") related to its tax and related assessments made against Mr. Staton. It also filed the NFTL's with the State of Hawaii Bureau of Conveyances on April 3, 2006, December 5, 2006, July 10, 2007, April 7, 2009, and May 12, 2009. ECF Nos. 109-2, 109-3. The Government also filed a notice of lis regarding this action with the State of Hawaii Bureau of Conveyances on June 15, 2012. ECF Nos. 109-2, 109-5.

Additional parties with an interest in the Residence are Defendants Capstead Mortgage Corporation ("Capstead"), Navy Federal Credit Union ("NFCU," and together with Capstead, the "Lender Defendants"), and the State of Hawaii. Capstead represents that the amount owed to it is $423,254.65 (consisting of $289,949.89 in principal, $4,357.59 in interest as of March 1, 2018, and $128,947.19 in attorneys' fees and costs). ECF No. 282. The Court entered a minute order on March 15, 2018, referring to Magistrate Judge Kevin Chang the determination of the attorneys' fees and costs to which the Lender Defendants are entitled. ECF No. 295. Accordingly, an amount sufficient to

---

[2] The Government contends that the aggregate balance Ronald Staton owes it, with interest calculated to March 30, 2018, is $412,166.31. See ECF No. 271 at 2.

cover the attorneys' fees and costs the Lender Defendants have requested will be withheld from the initial disbursement of the foreclosure sale proceeds.  Id.

The State of Hawaii, meanwhile, represents that the amount Defendant Ronald Staton owes it for unpaid taxes is $156,098.14,[3] but it also "acknowledges that the Defendants' [Residence owned as tenants by the entirety] is not subject to [its claims] because the state tax liens are solely against Defendant Ronald Staton."  ECF No. 281 at 5.  Thus, the State of Hawaii "does not seek to collect from the sale proceeds of the Defendant's [Residence][.]"  Id. at 7.

On June 4, 2012, the Government filed its Complaint against the Statons, the Lender Defendants, and the State of Hawaii.  The Complaint sought to reduce to judgment the federal tax assessments against the Statons filing jointly (Count I) and Ronald Staton filing individually (Count II).  It also sought to foreclose the Government's federal tax liens on the Residence (Count III).  ECF No. 1.

On June 27, 2014, the Government filed a motion for partial summary judgment on Counts I and II of the Complaint.  ECF No. 89 (the "First MSJ").  The First MSJ indicated that Count I "should be dismissed," because the Statons' joint tax

---

[3] This amount comprises $79,336.55 in Hawaii state net income taxes and $76,761.59 in Hawaii state general excise taxes that Defendant Ronald Staton owes.  See ECF No. 280 at 3 and Exhibit A.

assessments, related solely to their filing for the 2000 tax year, were paid in full. ECF No. 89-1. But it sought entry of judgment against Ronald Staton on Count II for the tax and related assessments made against him for his 2001 through 2007 income tax years. Id. at 14-15.

On September 30, 2014, pursuant to a stipulation the Government and Ronald Staton filed, the Court entered judgment against Mr. Staton with respect to his 2001, 2002, 2003, and 2005 income tax liabilities. ECF No. 104. The amount of that judgment is $273,715.67, plus interest accruing after July 1, 2014 and less any payments made or credits applied after that date. Id. at 2. On November 25, 2014, pursuant to another stipulation the Government and Ronald Staton filed, the Court entered judgment against Mr. Staton with respect to his remaining 2004, 2006, and 2007 income tax liabilities at issue. ECF No. 108. The amount of that judgment is $81,811.07, plus interest accruing after October 31, 2014 and less any payments made or credits applied after that date. Id. at 2. Thus, as the Government asserts, Mr. Staton's total outstanding liability reduced to judgment is $355,526.74, which the Government represents increases to an aggregate amount of $412,166.31 when accrued interest and penalties calculated through March 30, 2018 are added. ECF No. 271 at 2.

On December 29, 2014, the Government filed a Motion for Summary Judgment on the Third Claim in the Complaint. ECF No. 109 (the "Second MSJ"). The Second MSJ requested that the Government's federal tax liens and judgments be foreclosed and that the Residence be sold free and clear of all liens pursuant to the terms of Plaintiff's Proposed Order of Foreclosure and Judicial Sale. Id.; see also ECF No. 109-1. It further requested that the proceeds of the foreclosure sale first be applied to the costs of sale and any outstanding property taxes on the Residence, and thereafter be distributed among the parties through a stipulation or order of the Court. ECF No. 109.

The Court issued an order granting the Second MSJ on August 31, 2015, ECF No. 157, which thoroughly set forth why the inclusion of the foreclosure of Lender Defendants' mortgage was proper, id. at 16-23. That same day, the Court issued an Order of Foreclosure and Judicial Sale ("Foreclosure Order") of the Residence, ordering that the Residence be sold free and clear of all liens, including Lender Defendants' mortgage. ECF No. 158.

On September 1, 2015, however, Mr. Staton filed a petition for relief under 11 U.S.C. § 301 in the United States Bankruptcy Court for the District of Hawaii. ECF No. 160-1. In view of Mr. Staton's bankruptcy petition, the Court stayed this case. ECF No. 161. The Court reinstated the Foreclosure Order

on December 7, 2015, in response to the Bankruptcy Court's Order Granting United States' Motion for Relief from Automatic Stay. ECF No. 168.

On November 16, 2016, Mr. Staton filed a second petition for relief under 11 U.S.C. § 301 in the United States Bankruptcy Court for the District of Hawaii. ECF No. 208. Again, in view of Mr. Staton's bankruptcy petition, the Court stayed this case. ECF No. 209. Mr. Staton's second petition for relief under 11 U.S.C. § 301 was dismissed, however, and on April 24, 2017, the Court reinstated its Foreclosure Order and directed the parties to proceed in accordance therewith. ECF No. 212.

The day before the scheduled foreclosure sale auction, on June 20, 2017, Mrs. Staton filed a petition for relief under 11 U.S.C. § 301 in the United States Bankruptcy Court for the District of Hawaii. ECF No. 214. Based on Mrs. Staton's bankruptcy petition, the Court stayed this case. ECF No. 215.

The following month, on August 7, 2017, the Government filed a Motion for Relief from Automatic Stay in the Bankruptcy Court. The Bankruptcy Court entered an order on October 6, 2017, granting the Government's Motion for Relief from Automatic Stay. Accordingly, the Court unstayed this case and reinstated its Foreclosure Order, directing the parties to proceed in accordance therewith. ECF No. 219.

The foreclosure sale of the Residence was set for December 20, 2017. ECF No. 230. But on December 8, 2017, Mr. Staton filed an Emergency Motion to Strike Notice of Lis Pendens (NOPA), ECF No. 226, along with a Supplement to the Emergency Motion, ECF No. 227. Mr. Staton represented that he obtained financing in the amount of $1,032,000—sufficient to satisfy all liens on the property—with a closing date set for December 8, 2017. ECF No. 226. The Court held a hearing on this matter on December 11, 2017 and ordered the parties to have a settlement conference with Magistrate Judge Chang. ECF No. 234.

On December 18, 2017, Magistrate Judge Chang held the settlement conference, which he ended when the Statons could not produce a loan commitment from the lender for the above-described financing. ECF No. 244. The Statons filed an Emergency Motion Regarding Foreclosure and Request for a Hearing and Stay Pending Hearing later that day. ECF No. 241. And—still on December 18, 2017—the Court held a hearing on the Statons' motion, concluding that once again the Statons failed to obtain a loan commitment which would pay off all the liens on the Residence and that the foreclosure of the Residence would proceed on December 20, 2017. ECF No. 243.

The day before the foreclosure sale, on December 19, 2017, the Statons filed a Notice Re: Conditional Loan Approval

Letter and requested a stay of the foreclosure sale.[4]  ECF No.

245.  The Court held a hearing the morning of December 20, 2017

regarding the Statons' Notice,[5] at which the Court denied the

Statons' request for a stay and ordered the foreclosure sale to

proceed.  ECF No. 251.

On the foreclosure sale occurred on December 20, 2017

around 12:00 p.m. on the steps of the United States District

Court for the District of Hawaii.  Following the foreclosure

sale, on December 21, 2017, the Commissioner filed a Notice of

Sale, informing the Court that the Residence was sold one day

earlier for $1,135,000.00, subject to confirmation by the Court.

ECF No. 254.

On December 21, 2017, however, the Government filed a

Notice of Defendant Ronald Staton's Bankruptcy Case, which

stated that: (1) Mr. Staton filed a new bankruptcy case on

December 20, 2017 and (2) the Government intended to seek relief

---

[4] The conditional loan approval letter stated that the Residence was "[n]on-owner occupied" and that "the borrower's current intention is to rent the property."  ECF No. 245-1 at 1.
[5] At the December 20, 2017 hearing, factual circumstances were brought to the attention of the Statons' potential lender—who was in attendance by telephone—which caused the lender to confirm that it could not provide a loan to the Statons.  ECF No. 262-1 at 3-4.  Specifically, Mrs. Staton disclosed at the hearing that she had formed a business entity for the purpose of obtaining business financing to pay down Mr. Staton's debts, which the Statons were claiming were "business debts."  Id.  Moreover, the issue of whether the Statons continued to reside in the Residence or instead intended to use it as an investment property or other business venture was discussed. Id. at 4.  Because it became apparent that the Statons were seeking a loan for personal rather than business purposes, the lender withdrew its offer of conditional loan approval.  Id.

from the stay in that case so that the Commissioner's sale could be confirmed.  ECF No. 253.

On December 22, 2017, Mrs. Staton filed a notice of lis pendens, asserting that she was contesting the validity of the foreclosure sale as having been filed in violation of Mr. Staton's bankruptcy, which she contended was filed at 11:54 a.m. before the foreclosure sale.  ECF No. 255.  She also asserted that the foreclosure sale failed "to protect defendant interests in the property."  ECF No. 255 at 2.  The Court entered a minute order on January 5, 2018, setting a hearing on Mrs. Staton's claim for January 31, 2018 and directing the parties to file briefs.  ECF No. 258.

On January 17, 2018, the Statons filed a Brief in Support of Claim of Failure to Protect Defendant Interests in Real Property.  ECF No. 260.  On January 23, 2018, the United States filed a Memorandum in Response to the Statons' December 22, 2017 and January 17, 2018 briefs.  ECF No. 261.  On January 24, 2018, the Lender Defendants filed a Response to Brenda Staton's Brief in Support of Claim of Failure to Protect Defendant Interests in Real Property.  ECF No. 262.

The Bankruptcy Court granted the Government's Motion for Relief from Automatic Stay on January 31, 2018, and applied the lifting of the stay retroactively to December 20, 2017. This Court continued the hearing on Mrs. Staton's claim

originally scheduled for January 31, 2018 until February 16, 2018 because the Government: (1) did not seek a waiver of the 14-day stay provided under Fed. R. Bankr. P. 4001(a)(3) in Mr. Staton's bankruptcy case; and (2) failed to record the Bankruptcy Court's Order in Mrs. Staton's prior bankruptcy case granting relief from the stay, which provided for "'in rem' relief, i.e. this order is binding with respect to the subject property for 240 days after the date of the entry of this order in any other bankruptcy case that has been or may be filed." ECF No. 268. The Government subsequently recorded the Bankruptcy Court's in rem Order with the Hawaii Bureau of Conveyances. ECF No. 296 at 3 (citing ECF No. 294-1).

On February 12, 2018, Mr. Staton filed a Motion to Vacate, Alter, or Amend Order Granting Relief from Automatic Stay Retroactive to December 20, 2017 in the Bankruptcy Court. On February 15, 2018, the Bankruptcy Court denied this Motion. That same day, Mr. Staton filed a Notice of Appeal of the Bankruptcy Court's Order and its subsequent denial of his Motion to Vacate, Alter, or Amend.

The Court held a hearing on February 16, 2018 (after expiration of the 14-day stay provided under Fed. R. Bankr. P. 4001(a)(3)) to consider Defendant Brenda Staton's assertion that there has been a failure "to protect defendant interests in the property." Following the February 16, 2018 hearing, the Court

entered an Order Finding Defendant Brenda Staton's Claim that the Foreclosure Sale Fails to Protect Her Interest in the Property to be Without Merit. ECF No. 276.

The Court also entered a minute order on February 16, 2018, setting a briefing schedule and hearing dates on the issues of whether the foreclosure sale should be confirmed, the order of priority, and the disbursement of the foreclosure sale proceeds. ECF No. 275.

On March 19, 2018, Mrs. Staton filed a notice of appeal, ECF No. 297, appealing from the Court's February 16, 2018 Order, ECF No. 276. The Court entered a minute order on March 21, 2018, construing Mrs. Staton's notice of appeal as a motion for leave to file an interlocutory appeal, as well as setting a briefing schedule and hearing on the motion. ECF No. 299. The Government filed its Opposition on March 23, 2018, ECF No. 303, to which the Lender Defendants and Defendant State of Hawaii joined, ECF Nos. 304, 305. The Statons filed a Memorandum in Support of Brenda L. Staton's Motion to Certify Interlocutory Appeal on March 27, 2018. ECF No. 312. Lender Defendants filed an opposition to Mrs. Staton's memorandum on March 29, 2018. ECF. No. 317.

In light of Mrs. Staton's notice of appeal, the minute order entered on March 21, 2018 also stated that the hearing on whether the foreclosure sale should be confirmed

(originally scheduled for March 23, 2018, ECF No. 275) would be combined with the hearing on the issues of priority and disbursement of the foreclosure sale proceeds.  ECF No. 299. The Court set the combined hearing for Friday, April 6, 2018. Id.

On March 26, 2018, however, the Statons filed a Motion for Continuance of Hearings Scheduled for March 29, 2018 and April 6, 2018. ECF No. 307.  The Government filed an opposition on March 28, 2018, ECF No. 309, to which Lender Defendants joined, ECF No. 314.  The Court entered a minute order on March 28, 2018, denying the Statons' motion for a continuance and directing that the hearings set for March 29, 2018, and April 6, 2018, would be held as scheduled.  ECF No. 311.  The Court granted Mrs. Staton permission to appear at the March 29, 2018 and April 6, 2018 hearing by telephone.  Id.; ECF No. 322.  The Courtroom Manager contacted Mrs. Staton the day before the March 29, 2018 hearing to confirm these details and arrange Mrs. Staton's appearance by telephone.[6]

On March 29, 2018, the Court held the hearing on Mrs. Staton's motion for leave to file an interlocutory appeal.

---

[6] On March 28, 2018, Mr. Staton filed an Emergency Motion for Stay Pending Appeal with the United States Bankruptcy Court Appellate Panel for the Ninth Circuit.  Mr. Staton's motion requested an order staying the foreclosure of the Residence pending resolution of his February 15, 2018 appeal of the Bankruptcy Court's Order Granting Relief from Automatic Stay Retroactive to December 20, 2017 and subsequent denial of his Motion to Vacate, Alter, or Amend.

Despite the Courtroom Manager's prior coordination with Mrs. Staton, she was unable to reach Mrs. Staton by telephone after several attempts. ECF No. 318. However, Mr. Staton, who appeared at the March 29, 2018 hearing in person, stated that he represented Mrs. Staton and would present their joint statement. Id. On April 3, 2018, the Court issued a written order denying Mrs. Staton's motion for leave to file an interlocutory appeal. ECF No. 321.

Pursuant to the minute order entered on March 21, 2018, ECF No. 299, the Court held a hearing on April 6, 2018 on whether the foreclosure sale should be confirmed, the Commissioner's Report approved, and the issues of priority and disbursement of the foreclosure sale proceeds. ECF No. 327. Mr. Staton appeared at the hearing in person, while Mrs. Staton appeared by telephone.

At the start of the hearing, the Court asked the Commissioner whether there were any persons present interested in reopening bidding on the Residence. Despite the Commissioner contacting numerous interested prospective bidders prior to the April 6, 2018 hearing, however, the Commissioner informed the Court that there were no persons present interested in reopening bidding.

Under Hawaii law, a "court's authority to confirm a judicial sale is a matter of equitable discretion." Sugarman v. Kapu, 104 Haw. 119, 124, 85 P.3d 644, 649 (Haw. 2004) (quoting Brent v. Staveris, 7 Haw. App. 40, 45, 741 P.2d 722, 726 (Haw. Ct. App. 1987)(citation omitted))). Thus, "absent arbitrary action, the court has broad discretion regarding confirmation of judicial sales." Id. (citation omitted). In exercising its discretion, the "court should act in the interest of fairness and prudence, and with a just regard to the rights of all concerned and the stability of judicial sales." Brent, 7 Haw. App. at 45, 741 P.2d at 726 (quoting Hoge v. Kane II, 4 Haw. App. 533, 540, 670 P.2d 36, 40 (Haw. Ct. App. 1983)).

In addition, a court should generally confirm the sale unless the price obtained shocks its conscience. Sugarman, 104 Haw. at 127, 85 P.3d at 652. A bid price may shock the court's conscience, for example, where it is grossly inadequate when compared to the value of the property sold. Id.

**DISCUSSION**

**I.  The Foreclosure Sale Complied with this Court's Order**

The first requirement listed in this Court's Order of Foreclosure and Judicial Sale is that the sale of the Property must take place within four months after the Commissioner is notified of the Order. ECF No. 158 ¶ 9. The Court issued the

Order on August, 31, 2015, but the sale occurred on December 20, 2017 at 12:00 noon.  ECF No. 270 ¶¶ 62-64.  The Court notes, however, that the sale was delayed as a consequence of the Statons' various bankruptcy filings and the resulting automatic stays imposed under 11 U.S.C. § 362.

To that end, following each delay the Statons' bankruptcy filings caused, the Court clarified that the four-month window the Order of Foreclosure and Judicial Sale provided for the sale to occur would begin anew.  E.g., ECF Nos. 163, 168, 212, 219.  Thus, the initial four-month window that ran from the time the Commissioner was originally notified of the Court's Order of Foreclosure and Judicial Sale was subsequently extended, with the final extension occurring as a result of the Minute Order entered on October 27, 2017.  ECF No. 219.  That Minute Order stated that "the four months for the completion of the sale shall now commence from the date of this Minute Order," id., and the sale was completed on December 20, 2017, ECF Nos. 254, 270. Accordingly, the foreclosure sale occurred less than two months after time period for completion of the sale commenced.

The Order further required the Commissioner to give notice of the public auction selling the Residence by way of publication in at least one newspaper of general circulation in the City and County of Honolulu.  ECF No. 158, ¶ 12d.  The

notice needed to be published once per week for at least four consecutive weeks, describe the Residence, and contain the material terms and conditions of sale. <u>Id.</u>

The Commissioner published the required notice on November 12, November 19, November 26, and December 3, 2017, in the Honolulu Star-Advertiser, a newspaper of general circulation within the City and County of Honolulu. ECF No. 270 ¶ 56. Additionally, the Commissioner complied with the notice requirements by describing the Residence and providing the material terms and conditions of sale. <u>See, e.g.</u>, ECF No. 270-19.

In addition, the Order required that the Commissioner sell the property to the highest bidder by way of public auction held at the United States District Courthouse in the City and County of Honolulu, among other permissible locations, with a minimum upset price of $350,000.00. ECF No. 158 ¶¶ 12a, 12c, 12f. The Commissioner held a public auction on December 20, 2017, at the United States District Court for the District of Hawaii in Honolulu, Hawaii. ECF No. 270 ¶ 62. At the public auction, the Commissioner sold the Residence for $1,135,000 to Mr. Jacob Wurthner ("Mr. Wurthner" or the "Purchaser"), subject to Court confirmation.[7] <u>Id.</u> at ¶ 64.

---

[7] On March 6, 2018, the Commissioner moved this Court for instructions regarding the sale of the Residence. ECF No. 285. Among other things, the (continued . . . .)

17

The Statons have argued that the Residence was illegally auctioned after the automatic stay under 11 U.S.C. § 362(a) had taken effect following Mr. Staton's December 20, 2017 bankruptcy filing. E.g., ECF No. 255. Yet, because the Bankruptcy Court's Order on January 31, 2018 granted relief nunc pro tunc to December 20, 2017, the foreclosure sale was not "illegal" despite Mr. Staton's earlier bankruptcy filing. See ECF No. 276 at 7.

Moreover, to the extent the Statons continue to maintain that the Government frustrated their efforts to obtain financing to avoid the foreclosure sale, that claim lacks merit for the reasons the Court explained in its February 16, 2018 Order. ECF No. 276 at 11-12. Specifically, although the Statons have claimed to have obtained—or to have been close to obtaining—financing on several occasions, they have never come forward with a loan commitment that would satisfy all relevant

---

(continued . . . .)
Commissioner explained that he had received several inquiries from prospective bidders who could potentially appear to bid at the Confirmation Hearing. See ECF No. 285-1 ¶ 7. The Court entered a Minute Order on March 8, 2018, instructing that: (1) it would allow reopening of the auction by accepting higher bids, the first of which must be at least one hundred five percent (105%) of the highest bid at the Commissioner's sale;(2)bidders shall be required to deposit at the time of the March 23, 2018 hearing [which subsequently became the April 6, 2018 hearing, ECF No. 299] with Mr. Hosoda and/or his representative, a minimum of five percent (5%) of the bid with the deposit; (3) the Commissioner shall open an escrow with Title Guaranty of Hawaii to handle the closing, which will be held on Friday, April 13, 2018, at Title Guaranty's Honolulu office; and (4) the Commissioner shall notify by email any known interested prospective bidders of the above instructions, as well as Mr. Wurthner and his counsel, Tyler M. Pottenger, Esq. ECF No. 291. As this Order explains, infra, the escrow closing is now scheduled for April, 27, 2018 at the Honolulu office of First American Title Company.

liens against them. The Court nevertheless has accommodated the Statons and given them ample time to obtain a loan. At this juncture, however, the Court cannot further delay confirmation of a foreclosure sale that complied with the Court's Order.

## II. The Successful Foreclosure Sale Bid Does Not Shock the Conscience

The Court finds that the sale price of $1,135,000.00 does not shock the Court's conscience. See Sugarman, 104 Haw. at 127, 85 P.3d at 652. As the Court noted in its February 16, 2018 Order, "the successful bid of $1,135,000 [i]s relatively close to the [2018] real property tax appraisal value" of $1,366,900.00. ECF No. 276 at 8; see also ECF No. 326-1 at 1. Moreover, Mr. Wurthner's bid was accepted as part of a forced sale scenario that by its nature makes reaching fair market value difficult.

To the extent the Statons continue to contend that the successful bid falls short of an alleged recent appraisal of the Residence and that the Commissioner failed to conduct an aggressive bidding process, these claims are not persuasive. First, the Statons have failed to provide any support for the supposed appraised value, which is markedly different than the above appraised value. See ECF No. 326-1. An analysis of the adequacy of the sale price, moreover, would be incomplete without considering the Statons' interactions with the

19

Commissioner which made the pre-sale process more difficult. E.g., ECF No. 270 ¶¶ 7-18. As the Court has explained, the Statons' resistance may have decreased the amount of the bid. ECF No. 276 at 8 ("[I]n the past, the Statons did not always cooperate with the Commissioner regarding pre-sale open houses held at the residence and their lack of cooperation may be a reason that the auction price was not higher." (quoting ECF No. 261 at 4)).

Second, and despite the Statons' resistance, the Commissioner held a very active foreclosure sale auction (with some 50 bids submitted), ECF No. 276 at 8, and continued to field inquiries from prospective bidders who expressed interest in possibly appearing at the foreclosure sale confirmation hearing to bid on the Residence, ECF No. 285-1 ¶ 7. The Court finds that the Statons' continued delay tactics—including continued challenges in the Bankruptcy Court and this Court—likely decreased the level of interests and ultimate purchase price obtained for the Residence. These delay tactics may have caused prospective bidders to lose interest, an effect that was evidenced when no potential buyers attended the confirmation hearing to reopen bidding after some fifty bids were submitted at the December 2017 auction.

Based on the foregoing, the Court makes the following FINDINGS OF FACT:

## I.   FINDINGS OF FACT

1.   This is a civil action initiated by Plaintiff
United States of America to reduce federal tax assessments to
judgment and to foreclose federal tax liens and sell the
property located at 233 Kalalau Street, Honolulu, Hawaii 96825,
free and clear of all liens.

2.   Jurisdiction over this action is based on 28
U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

3.   On August 31, 2015, this Court issued its Order
Granting Plaintiff's Motion for Summary Judgment on the Third
Claim in the Complaint, which thoroughly set forth why the
inclusion of the foreclosure of Lender Defendants' mortgage was
proper.  ECF No. 157.

4.   On August 31, 2015, this Court issued its Order
of Foreclosure and Judicial Sale and appointed Lyle S. Hosoda,
Esq. to serve as the Commissioner to sell the Residence.  ECF
No. 158.

5.   On February 14, 2018, the Commissioner filed his
report detailing the foreclosure of the Residence and the
Purchaser's winning bid of $1,135,000.00 at the December 20,
2017 auction.  ECF No. 270.

6.   The Court finds that the Purchaser's winning bid
of $1,135,000.00 is a fair and reasonable bid for the Residence
based upon the current market conditions, the interest the

public expressed in the Residence, and Defendants Ronald and Brenda Staton's refusal to cooperate with the Commissioner in permitting access to the Residence for purposes of inspection and open houses, among other events. ECF. No. 270 at ¶¶ 7-24. The Purchaser's winning bid, which is relatively close to the Residence's 2018 real property tax assessed value, does not shock the Court's conscience. See Sugarman, 104 Haw. at 127, 85 P.3d at 652. Accordingly, the Court confirms the sale.

7. The Commissioner submitted a request for: (1) a $30,065.00 fee for past services; (2) a $2,000 fee for anticipated future services; (3) a $5,566.48 reimbursement for costs; and (4) $1,416.67 in General Excise Tax. ECF No. 270 ¶¶ 66-69. Mr. Hosoda has served as Commissioner since 2015, had to work with uncooperative property owners, and oversaw three attempted auctions and the final successful auction during which some fifty bids were submitted. The Court finds the above amounts reasonable and approves them.

8. As to the distribution of sale proceeds, the Court will reserve consideration of that issue pending a final determination of: (a) the reasonable amount of attorneys' fees and costs to which Defendant Capstead Mortgage Corporation is entitled; and (b) the amount of accrued interest and any penalties (as part of Defendant Ronald Staton's federal tax liabilities) to which Plaintiff is entitled.

## II.   **CONCLUSIONS OF LAW**

Based on the foregoing FINDINGS OF FACT, the Court enters the following CONCLUSIONS OF LAW:

1.    The Commissioner's Report filed on February 14, 2018 (ECF No. 270) is approved.

2.    In accordance with the Order Granting Plaintiff's Motion for Summary Judgment on the Third Claim in the Complaint (ECF No. 157) and the Order of Foreclosure and Judicial Sale (ECF No. 158), the sale of the Residence to the Purchaser for $1,135,000.00 is proper, fair, reasonable, and equitable under the circumstances and the Court confirms it.

3.    The Purchaser shall pay any real property taxes and is responsible for securing the Residence upon recordation. Further, because the Purchaser has requested use of escrow at the Honolulu office of First American Title Company, the Purchaser shall be responsible for establishing and paying for the escrow.  The Residence shall be sold "as is" by quitclaim deed and without any warranties.

4.    The Commissioner shall provide the Court with escrow instructions from First American Title Company regarding the transfer of the Purchaser's deposit to the appropriate escrow account.  After receiving the instructions, the Court will direct the Clerk of Court to transfer the Purchaser's deposit.

5. The Commissioner is authorized and directed to collect the remaining balance of the proceeds from the December 20, 2017 sale of the Residence that remains to be collected at the escrow closing to be held at the Honolulu office of First American Title Company on April 27, 2018.

6. At the escrow closing, the Commissioner is, upon full payment, authorized and directed to execute and deliver a quitclaim deed, free and clear of all interests and claims of all parties to this proceeding, for the Residence. The Commissioner shall forthwith prepare the quitclaim deed and submit it to the Court for review prior to the escrow closing scheduled on April 27, 2018.

7. Following the escrow closing scheduled on April 27, 2018, the Commissioner is authorized and directed to pay the total amount of the proceeds from the sale of the Residence into the registry of the Court.

8. All persons occupying the Residence shall leave and vacate the Residence permanently by April 26, 2018, each taking with them their personal property (but leaving in good condition all improvements, buildings, and appurtenances to the Residence). See 2015 Foreclosure Order, ECF No. 158 ("All persons occupying the Residence shall leave and vacate permanently within twenty (20) days after the confirmation of the sale . . . .").

9.     If any person fails or refuses to leave and
vacate the Residence by the time specified in this Order, the
Commissioner is authorized to take all actions that are
reasonably necessary to bring about the ejectment of those
persons, including obtaining a writ of possession.  If any
person fails or refuses to remove his or her personal property
from the premises by the time specified herein, any personal
property remaining on the Residence thereafter is deemed
forfeited and abandoned, and the Commissioner is authorized to
remove it and dispose of it in any manner the Commissioner sees
fit, including sale.  The sale proceeds are to be deposited into
the registry of the Court for further distribution.  See ECF No.
158.

10.  Notwithstanding the terms of the immediately
preceding paragraph, if, after the sale closing on April 27,
2018, the Residence remains occupied, a writ of assistance may,
without further notice, be issued by the Clerk of Court pursuant
to Rule 70 of the Federal Rules of Civil Procedure to compel
delivery of possession of the real property at issue to the
Purchaser.

11.  Defendants Ronald and Brenda Staton, and all
parties and persons claiming by, through or under Defendants
Ronald and Brenda Staton, shall be forever barred from any and
all right, title, interest, and claims at law or in equity to

the Residence.

12.   Lender Defendants have requested the amount of
$294,965.64 in principal and interest (consisting of $289,949.89
in principal and $4,357.59 in interest as of March 1, 2018, ECF
No. 282).  The Court approves this amount.  The Court has
referred to Magistrate Judge Kevin Chang the determination of
the attorneys' fees and costs to which the Lender Defendants are
entitled, ECF No. 295, and the Court reserves consideration on
that issue until after the issuance of Magistrate Judge Chang's
Findings and Recommendation.

13.   Plaintiff United States has obtained judgments
against Mr. Staton in the amount of $355,526.74.  See ECF No.
157 at 7.  The Court approves this amount.  The Court will
schedule a hearing on the amount of accrued interest and any
penalties to which Plaintiff United States is entitled in
conjunction with said judgments.  Plaintiff United States is
directed to file a clarification of the penalties and interest
it is seeking to recover from Mr. Staton at least fourteen (14)
days before the hearing.

14.   The order of priority Plaintiff United States set
forth in its Motion for an Order Confirming Sale, Approving
Commissioner's Report and Distributing Proceeds is approved.
All future disbursement(s) will be made in the following order
of priority:

A. To the Commissioner Lyle S. Hosoda, for his fees, expenses and excise taxes, in the total amount of $39,048.15;

B. To Defendant Capstead Mortgage for the principal, interest, and reasonable attorneys' fees and costs to which the Court determines it is entitled;

C. Fifty (50) percent of the remaining proceeds to Defendant Brenda Staton; and

D. Fifty (50) percent of the remaining proceeds to Plaintiff United States up to the maximum amount the Court finds appropriate after determining the principal, interest, and penalties to which Plaintiff United States is entitled.

E. The remaining proceeds after full satisfaction of federal tax liabilities owed to Plaintiff United States, if any, shall be paid to Defendant Brenda Staton.

15. The Court will determine the ultimate amount of sale proceeds to be distributed to each party, and will order distribution, following resolution of: (a) the amount of attorneys' fees and costs to which the Lender Defendants are entitled; and (b) the amount of interest and any penalties to which Plaintiff United States is entitled.

16.    The Court reserves jurisdiction to address any appropriate issues that remain, including those listed above in paragraphs 12, 13, and 15, as well as the possible entry of a deficiency judgment in favor of Plaintiff United States.

17.    This Order is not a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 10, 2018



_____
Alan C. Kay
Sr. United States District Judge

United States v. Staton, et al., Civ. No. 12-00319 ACK-KSC, Order Confirming Sale, Approving Commissioner's Report, and Determining Priority of Future Disbursements.