IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 12-00319 ACK-KSC |
| ) | |
| RONALD B. STATON, BRENDA STATON, ) | |
| NAVY FEDERAL CREDIT UNION, ) | |
| CAPSTEAD MORTGAGE CORPORATION, ) | |
| and STATE OF HAWAII, ) | |
| ) | |
| Defendants. ) | |

<u>ORDER DENYING DEFENDANTS RONALD AND BRENDA STATONS'
RULE 59(e) MOTION TO ALTER, AMEND OR VACATE ORDER CONFIRMING
SALE AND DENYING MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL
AND MOTION TO STAY ORDER CONFIRMING SALE</u>

For the reasons discussed below, the Court DENIES Defendants Ronald and Brenda Statons' Rule 59(e) Motion to Alter, Amend or Vacate Order Confirming Sale and Denying Motion for Leave to File Interlocutory Appeal and Motion to Stay Order Confirming Sale ("May 3, 2018 Motion"). ECF No. 357.

<u>BACKGROUND</u>

For purposes of the current motion, the Court discusses only those facts relevant to Defendants Ronald ("Mr. Staton") and Brenda ("Mrs. Staton" and together with Mr. Staton, the "Statons") Statons' May 3, 2018 Motion.

On April 6, 2018, the Court held a hearing on whether the foreclosure sale in this matter should be confirmed, the Commissioner's Report approved, and the issues of priority and

1

disbursement of the foreclosure sale proceeds.  ECF No. 327.  At the conclusion of the April 6, 2018 hearing, the Court granted the Government's Motion for an Order Confirming Sale, Approving Commissioner's Report and Distributing Proceeds to the extent that it: (1) confirmed the sale; (2) approved the Commissioner's Report; and (3) approved the Government's proposed order of priority for future disbursements.  Id.  The Court also stated that it would issue a written order.  Id.

That same day, on April 6, 2018, the Statons filed a hand-written notice of appeal.  ECF No. 328.  The notice of appeal cited no statutory or legal authority and appealed from the Court's "Order Confirming Sale, Approving Commissioner's Report and Distributing Proceeds. . . ."  Id.

On April 10, 2018, the Court entered a minute order stating that it would construe the Statons' April 6, 2018 notice of appeal as a motion to permit an interlocutory appeal under 28 U.S.C. § 1292.  ECF No. 329.  The minute order scheduled a hearing on the motion for April 18, 2018, and directed the parties to file any memoranda in support or opposition by Friday, April 13, 2018.  Id.  The Court also issued an Order Confirming Sale, Approving Commissioner's Report, and Determining Order of Priority for Future Disbursements on April 10, 2018 ("April 10, 2018 Order").  ECF No. 330.

On April 18, 2018, the Court held a hearing on the

Statons' motion to permit an interlocutory appeal. ECF No. 340. At the hearing, the Court proposed that the escrow closing set for April 27, 2018, be continued to May 11, 2018, in order to provide the Statons additional time to move out of their home (the "Residence"). The purchaser of the Residence, who was present at the April 18, 2018 hearing, agreed to the proposed continuation to accommodate the Statons. Id.; ECF No. 343. Accordingly, the Court entered a minute order on April 19, 2018, rescheduling the escrow closing originally scheduled for April 27, 2018 to May 11, 2018. ECF No. 343.

Following the hearing, on April 19, 2018, the Court issued an Order Denying Defendants Ronald and Brenda Statons' Motion for Leave to File an Interlocutory Appeal ("April 19, 2018 Order"). ECF No. 344. In Section IV of the Court's April 19, 2018 Order, the Court discussed the requirements to stay proceedings by supersedeas bond and made an initial estimate that the appropriate amount of a supersedeas bond should be $798,000.00. ECF No. 344 at 39-40 & n.13. The Court also stated that the parties would have an opportunity to object to the proposed supersedeas bond amount. Id. at 40 n.13.

On April 24, 2018, the Statons filed a Motion to Stay Order Confirming Sale Pending Appeal. ECF No. 347. The Statons requested an order granting a stay as of right pending appeal under Federal Rule of Civil Procedure 62(d), conditioned upon a

3

final determination of a supersedeas bond and the amount of the bond. Id. On April 25, 2018, the Court entered a minute order setting a hearing for May 2, 2018, to make a final determination on the amount of a supersedeas bond or other such security that the Statons would be required to provide. ECF No. 348.

On April 26, 2018, however, the United States Court of Appeals for the Ninth Circuit dismissed the Statons' appeal from the April 10, 2018 Order confirming the sale (as well as the Statons' separate attempted appeal from an earlier order), finding that the orders challenged in the respective appeals were neither final nor appealable. See ECF Nos. 350, 352. Accordingly, the Court entered a minute order on April 26, 2018, vacating the hearing on the Statons' Motion to Stay Order Confirming Sale Pending Appeal. ECF No. 347.

On May 3, 2018, the Statons filed the current motion seeking to alter, amend or vacate the Court's April 19, 2018 Order denying their motion for leave to file an interlocutory appeal. ECF No. 357. Under Local Rule 7.2(e), the Court finds it appropriate to decide the Statons' May 3, 2018 Motion without a hearing.

## STANDARD

Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of

4

finality and conservation of judicial resources." <u>Kona Enterprises, Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000) (citing 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4](3d ed. 2000)).  Accordingly, the Ninth Circuit has explained that "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  <u>Id.</u>  A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.  <u>389 Orange St. Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999).

## **DISCUSSION**

The Statons do not argue that newly discovered evidence or an intervening change in the controlling law entitles them to relief under Rule 59(e).  They seem instead to claim that the Court committed clear error "in preventing [them] from proceeding on appeal and from seeking a stay pending appeal."  May 3, 2018 Motion at 4.  For the reasons stated in the April 10, 2018 Order and April 19, 2018 Order, the Court finds the Statons' arguments to be without merit and denies their May 3, 2018 Motion.

The Statons first contend that "the Order denying

5

certification or leave to permit the interlocutory appeal
confirming the sale should be vacated in that other courts
including the Hawaii State Court have held an order confirming a
sale to be an appealable order."[1]  May 3, 2018 Motion at 3.  They

---

[1] The Court notes that Hawaii law does not support the Statons' position that the April 10, 2018 Order confirming the foreclosure sale is final and appealable.  The Supreme Court of Hawaii has explained:

> [F]oreclosure cases are bifurcated into two
> separately appealable parts: (1) the decree of
> foreclosure and the order of sale, if the order of
> sale is incorporated within the decree; and (2) all
> other orders. . . . Therefore, although the
> foreclosure decree in part-one of a foreclosure case
> is immediately appealable upon entry, the matters
> subsequent to the foreclosure decree, such as the
> confirmation of sale or the issuance and enforcement
> of the writ of possession . . . would have to wait
> until entry of the circuit court's final order in the
> case. . . . In foreclosure cases which result in a
> deficiency, the last and final order . . . is usually
> the deficiency judgment. . . . The circuit court has
> not entered a deficiency judgment in a specific
> amount. . . . HRS § 641-1(a) . . . authorizes appeals
> only from final judgments, orders, or decrees.
> Absent the entry of a deficiency judgment, [an]
> appeal is premature and we lack appellate
> jurisdiction.

Am. Gen. Fin. of Hawaii, Inc. v. Domen, No. 25774, 2003 WL 22053702, at *1 (Haw. Aug. 29, 2003) (unpublished disposition) (citations and internal quotation marks omitted).
    In addition, appellate jurisdiction over appeals in foreclosure cases in Hawaii is further defined by HRS § 667-51.  HRS § 667-51(a) provides:

> Without limiting the class of orders not specified in
> section 641-1 from which appeals may also be taken,
> the following orders entered in a foreclosure case
> shall be final and appealable:
>
> (1) A judgment entered on a decree of foreclosure,
> and if the judgment incorporates an order of sale or
> an adjudication of a movant's right to a deficiency
> judgment, or both, then the order of sale or the
> adjudication of liability for the deficiency judgment
> also shall be deemed final and appealable;
>
> 2) A judgment entered on an order confirming the sale
> of the foreclosed property, if the circuit court

(continued . . . .)

6

thus contend that the Court clearly erred when it denied a motion for leave to file an interlocutory appeal from an order that the Ninth Circuit later determined was non-final and non-appealable.

In as much as the Ninth Circuit has dismissed the Statons' attempted appeal from the April 10, 2018 Order "because the order challenged in the appeal is not final or appealable," ECF No. 350, the Court does not find that it clearly erred in denying the Statons' motion for leave to file an interlocutory appeal from that same order.[2]

The April 19, 2018 Order, moreover, addressed and

---

(continued . . . .)
> expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to rule 54(b) of the Hawaii rules of civil procedure; and
>
> (3) A deficiency judgment; provided that no appeal from a deficiency judgment shall raise issues relating to the judgment debtor's liability for the deficiency judgment (as opposed to the amount of the deficiency judgment), nor shall the appeal affect the finality of the transfer of title to the foreclosed property pursuant to the order confirming sale.

Bank of Am., N.A. v. Reyes-Toledo, 139 Haw. 361, 371–72, 390 P.3d 1248, 1258–59 (2017) (emphasis added). In any event, the Court notes that even if Hawaii foreclosure law did support the Statons' position, the Court is not bound by state law in determining whether an order is final or immediately appealable. E.g., Liberal v. Estrada, 632 F.3d 1064, 1074 (9th Cir. 2011) ("[F]ederal procedure governs the appealability of an order.").

[2] The same reasoning applies to the Court's April 3, 2018 Order Denying Defendant Brenda L. Staton's Motion for Leave to File an Interlocutory Appeal. ECF No. 321. To the extent the Statons seek to have this Court alter, amend or vacate that order, see May 3, 2018 Motion at 6, the Ninth Circuit has already dismissed the Statons' appeal "because the order challenged in the appeal is not final or appealable." ECF No. 352. In addition, any request for reconsideration would be untimely under Rule 59(e) and Local Rule 60.1.

7

rejected the authorities on which the Statons' current motion relies.  See April 19, 2018 Order at 17-21.  To the extent the Statons now claim that the decision of the California Court of Appeal in Solis v. Vallar, 76 Cal. App. 4th 710, 90 Cal. Rptr. 2d 677 (1999), demonstrates that the Court committed clear error when it denied their motion for leave to file an interlocutory appeal, see May 3, 2018 Motion at 3-4, the Court finds controlling the Ninth Circuit's dismissal of the Statons' attempted appeal.[3]

Further, and as stated above, the Statons contend that the "Court erred in preventing the Statons from proceeding on appeal . . . ."  May 3, 2018 Motion at 4.  The Court again notes that the Ninth Circuit dismissed the Statons' attempted appeal "because the order challenged in the appeal is not final or appealable."  ECF No. 350.  If the Statons were correct that they were entitled to appeal the April 10, 2018 Order, this Court's April 19, 2018 Order would not have prevented their appeal from proceeding.

The Statons also claim that the Court erred "preventing [them] from . . . seeking a stay pending appeal."  May 3, 2018 Motion at 4.  The Court set forth the requirements to stay proceedings under Federal Rule of Civil Procedure 62(d)

---

[3] In addition, the Solis decision from 1999 does not constitute an intervening change in controlling law or allow the Statons to raise an argument they could not have raised earlier.

8

in the April 19, 2018 Order.  ECF No. 344 at 39-40 & n.13.
There, the Court explained that Rule 62(d) entitled the Statons
to obtain a stay pending appeal by posting (and having the Court
approve) a supersedeas bond.  Id.  Importantly, however, as Rule
62(d)'s title suggests, the Rule permits only a "stay with bond
on appeal."  Fed. R. Civ. P. 62(d).  The Rule gives courts
authority to stay execution of a judgment "[i]f an appeal is
taken," and directs that "the bond may be given upon or after
filing the notice of appeal or after obtaining the order
allowing the appeal."  Id.

This Court has not issued an order allowing the
Statons to appeal, and the Ninth Circuit dismissed the Statons'
attempted appeal from the April 10, 2018 Order.  Because the
Statons have no order from which to appeal, therefore, Rule
62(d) does not entitle them to a stay, even if they were able to
post an adequate bond and obtain Court approval.

Finally, to the extent the Statons' seek to vacate the
Court's April 10, 2018 Order confirming the foreclosure sale,
the Court denies their motion for the reasons stated in that
order and the April 19, 2018 Order.[4]  The Statons' May 3, 2018

---

[4] The Court also notes that, under Local Rule 60.1, motions for reconsideration of interlocutory orders may only be brought on the basis of: "(a) Discovery of new material facts not previously available;(b) Intervening change in law; [or] (c) Manifest error of law or fact."  L.R. 60.1.  As the Court has explained, the Statons' May 3, 2018 Motion makes arguments solely under subsection (c).  Local Rule 60.1 further directs that "[m]otions (continued . . . .)

9

Motion does not show that they are entitled to relief on any ground identified in Rule 59(e); rather, it asserts the Statons' disagreement with the Court's conclusions in prior orders and attempts to reargue issues already decided.  Accordingly, the Court concludes that the May 3, 2018 Motion does not warrant reconsideration of its decision.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants Ronald and Brenda Statons' Rule 59(e) Motion to Alter, Amend or Vacate Order Confirming Sale and Denying Motion for Leave to File Interlocutory Appeal and Motion to Stay Order Confirming Sale.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 9, 2018.

_____
Alan C. Kay
Sr. United States District Judge

United States v. Staton, et al., Civ. No. 12-00319 ACK-KSC, Order Denying Defendants Ronald and Brenda Statons' Rule 59(e) Motion to Alter, Amend or Vacate Order Confirming Sale and Denying Motion for Leave to File Interlocutory Appeal and Motion to Stay Order Confirming Sale.

---

(continued . . . .)
asserted under Subsection (c) of this rule must be filed and served not more than fourteen (14) days after the court's written order is filed." Id.