```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF HAWAII
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-00319 ACK-KSC |
| | ) |
| RONALD B. STATON, BRENDA STATON, | ) |
| NAVY FEDERAL CREDIT UNION, | ) |
| CAPSTEAD MORTGAGE CORPORATION, | ) |
| and STATE OF HAWAII, | ) |
| | ) |
| Defendants. | ) |

### ORDER DENYING DEFENDANTS RONALD AND BRENDA STATONS' EMERGENCY MOTION TO VACATE ORDER AND WRIT OF ASSISTANCE ENTERED ON MAY 9TH 2018

On May 10, 2018, the Statons filed an Emergency Motion to Vacate Order and Writ of Assistance Entered on May 9th 2018 ("Motion"). The Motion asserts that the Court's May 9, 2018 Order and Writ of Assistance should be vacated because "the Notice of Foreclosure Sale published in the newspaper . . . directed the purchaser not the Commissioner to take responsibility to secure possession" of the Residence. Motion at 1. The Motion further contends that "[t]he Court has overseen the sale of the property and should not be involved in assisting the purchaser to obtain possession." Id. at 2. Under Local Rule 7.2(e), the Court finds it appropriate to decide the Statons' Motion without a hearing.

For the reasons discussed below, the Court denies the Statons' Motion.

## **DISCUSSION**

The Court denies the Statons' Motion because the issuance of a writ of assistance, effective May 11, 2018, was appropriate and necessary under these circumstances.

On August 31, 2015, the Court issued an Order of Foreclosure and Judicial Sale ("2015 Foreclosure Order"), ordering the sale of the real property located at 233 Kalalau Street, Honolulu, Hawaii 96825, identified by Tax Map Key No. (1)3-9-023-039 ("Residence"), free and clear of all liens. ECF No. 158. The 2015 Foreclosure Order directed that:

> All persons occupying the Residence shall leave and vacate permanently within twenty (20) days after the confirmation of the sale, each taking with them his or her personal property . . . when leaving and vacating. If any person fails or refuses to leave and vacate the Residence by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises. If any person fails or refuses to remove his or her personal property from the Residence by the time specified herein, the personal property remaining at the subject property thereafter is deemed forfeited and abandoned, and [Court-appointed Commissioner Lyle S.] Hosoda and/or his representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale . . . .

Id. at 9-10 ¶ 14.

The 2015 Foreclosure Order also stated:

> [I]f, after the sale of the Residence is confirmed by this Court, the property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the real property at issue to the purchasers thereof.

Id. at 10 ¶ 15.

On April 10, 2018, the Court issued an Order Confirming Sale, Approving Commissioner's Report, and Determining Priority of Future Disbursements ("April 10, 2018 Order"), in which the Court confirmed the sale of the Residence to Purchaser Jacob Wurthner ("Purchaser"), among other things. ECF No. 330 at 21-22 ¶ 6, 23 ¶ 2. The April 10, 2018 Order stated: "If any person fails or refuses to leave and vacate the Residence by the [escrow closing on May 11, 2018[1]], the Commissioner is authorized to take all actions that are

---

[1] The escrow closing was originally scheduled for April 27, 2018. E.g., ECF No. 330 at 24 ¶ 5. The Court proposed at a later hearing that the escrow closing be continued to May 11, 2018, to provide the Statons additional time to leave the Residence. See ECF No 343. The Purchaser of the Residence agreed to the proposed continuation to accommodate the Statons. Id.
The postponement of the escrow closing is but one example of the Court's attempts to accommodate the Statons over the course of this litigation. The Court's efforts to accommodate the Statons stand in contrast to the Statons' assertion that the Court is biased against them. Motion at 2.

3

reasonably necessary to bring about the ejectment of those persons, including obtaining a writ of possession." ECF No. 330 at 25 ¶ 9. Additionally, the April 10, 2018 Order provided: "[I]f, after the sale closing . . . the Residence remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the real property" to the Purchaser. Id. at ¶ 10. The April 10, 2018 Order further provided that:

> If any person fails or refuses to remove his or her personal property from the premises by the [escrow closing on May 11, 2018], any personal property remaining on the Residence thereafter is deemed forfeited and abandoned, and the Commissioner is authorized to remove it and dispose of it in any manner the Commissioner sees fit, including sale.

Id. at ¶ 9.

By letter dated May 8, 2018, Commissioner Hosoda requested that the Court issue a writ of assistance, effective May 11, 2018, in connection with the transition of the Residence to the Purchaser. On May 9, 2018, the Court entered an order instructing the Clerk of Court to issue a writ of assistance to become effective if the Statons remained in the Residence following the escrow closing scheduled for May 11, 2018. ECF No. 360 at 3-4 (setting forth terms and conditions for the writ). That same day, the Clerk of Court issued the writ of

assistance to the United States Marshal for the District of Hawaii, which set forth the terms and conditions the Court specified in its order. ECF No. 361.

The Court has reviewed the Motion and concludes that the Statons are not entitled to the relief requested. The 2015 Foreclosure Order and April 10, 2018 Order confirming the foreclosure sale establish that the Court's issuance of a writ of assistance was appropriate and necessary. In particular, the Court finds that the express directives from the 2015 Foreclosure Order and April 10, 2018 Order govern the issuance of the writ of assistance here; and the fact that the Notice of Foreclosure Sale published in the newspaper stated that the purchaser was responsible for gaining possession of the property does not change the Court's conclusion. Quite the opposite, the 2015 Foreclosure Order and April 10, 2018 Order confirming the foreclosure sale make clear that the Court, Commissioner, and United States Marshal's office could take reasonable action to remove any individual or personal property remaining in the Residence after the escrow closing.

The Statons have been aware of the need to leave the Residence twenty days after the foreclosure sale confirmation since the 2015 Foreclosure Order was entered. As noted above, the Court later extended the time for the Statons to leave the Residence as an accommodation to the Statons.

Courts may issue all writs necessary to enforce their orders.  See 28 U.S.C. § 1651(a) (providing that courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").  The issuance of a writ of assistance under these circumstances was appropriate and necessary, and the Court does not find that the Statons are unduly prejudiced or entitled to the relief they seek.  The Court thus will not vacate the May 9, 2018 Order and Writ of Assistance.  ECF No. 360.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Statons' Emergency Motion to Vacate Order and Writ of Assistance Entered on May 9th 2018.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 11, 2018.



_____
Alan C. Kay
Sr. United States District Judge

United States v. Staton, et al., Civ. No. 12-00319 ACK-KSC, Order Denying Defendants Ronald and Brenda Statons' Emergency Motion to Vacate Order and Writ of Assistance Entered on May 9th 2018.