IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

_____
                                   )
**UNITED STATES OF AMERICA,**          )
                                   )
        **Plaintiff,**              )
                                   )
   **v.**                          ) Civ. No. 12-00319 ACK-KSC
                                   )
**RONALD B. STATON; BRENDA L. STATON;**)
**NAVY FEDERAL CREDIT UNION;**         )
**CAPSTEAD MORTGAGE CORPORATION;**     )
**STATE OF HAWAII,**                   )
                                   )
        **Defendants.**             )
_____)

### ORDER DENYING DEFENDANTS RONALD AND BRENDA STATONS' EMERGENCY MOTION FOR INJUNCTION (ECF No. 367)

### AND

### STRIKING THE AMENDED NOTICE OF PENDENCY OF ACTION (ECF No. 368)

### BACKGROUND

In the Order Confirming Sale, Approving Commissioner's Report, and Determining Priority of Future Disbursements ("Order"), the Court confirmed the sale of the real property located at 233 Kalalau Street, Honolulu, Hawaii 96825, identified by Tax Map Key No. (1)3-9-023-039 ("Residence") to Purchaser Jacob Wurthner ("Purchaser").  ECF No. 330 at pp. 21-22 ¶ 6, p. 23 ¶ 2.  The escrow closing for the Residence was

1

held on May 11, 2018.[1]  ECF No. 366.  Following the escrow closing, Defendants Ronald and Brenda Staton refused to leave the Residence and failed to remove their personal property therefrom, as directed in the Order.  ECF No. 330 at p. 25 ¶ 9.  Accordingly, the United States Marshal's office executed a writ of assistance to remove the Statons from the Residence.  See ECF No. 361.

On May 15, 2018, the Statons filed an Emergency Motion for Injunction ("Motion").  ECF No. 367.  The Motion seeks an "injunction against all efforts by the Court's appointed commissioner, Lyle S. Hodosa, and the third party purchaser, Jacob E. Wurthner, et al, cease all efforts to detain and withhold all personal property belonging to Defendants in on and around the property located at 233 Kalalau Street, Honolulu, Hawaii 96825 ...."  Id. at p. 1.

The next morning, on May 16, 2018, the Statons filed an Amended Notice of Pendency of Action.  ECF No. 368.  In the Amended Notice of Pendency of Action, the Statons seek to place

---

[1] The escrow closing was originally scheduled for April 27, 2018.  E.g., ECF No. 330 at p. 24 ¶ 5.  In an effort to provide the Statons with additional time to leave the Residence, the Court proposed at a later hearing that the escrow closing be continued to May 11, 2018.  See ECF No. 343.  The Purchaser of the Residence agreed to the proposed continuation to accommodate the Statons.  Id.

a lien on the Residence and claim that its title "in the hands of the [Purchaser] is void." Id. at p. 1.

## DISCUSSION

Under the liberal standards applicable to pro se litigants, the Court interprets the Motion as a request for a temporary restraining order. The standard for granting a temporary restraining order is identical to that for a preliminary injunction. Hunger v. Univ. of Haw., 927 F.Supp.2d 1007, 1015 (D. Haw. 2013). Under this standard, a party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 21 (2008). The Statons do not explicitly address these factors; they instead make several arguments that attack the forfeiture of their personal property.

On May 11, 2018, the United States Marshals executed a writ of assistance that the Clerk of Court issued. ECF No. 361. Among other things, that writ of assistance directed:

> In the event the Statons continue to occupy the residence located at 233 Kalalau Street, Honolulu, Hawaii 96825 .... following the escrow closing scheduled for 11:00 a.m. on May 11, 2018, the United States Marshal shall enter the Residence and use reasonable

> measures to remove the Statons therefrom;
> .... If the Statons fail or refuse to
> remove their personal property from the
> Residence by the [May 11, 2018 escrow
> closing], any personal property remaining is
> deemed forfeited and abandoned, and
> Commissioner Lyle S. Hosoda is authorized to
> remove it and dispose of it in any manner he
> sees fit, including sale.

ECF No. 361 at p. 1.

The Statons have known since 2015 of the need to remove their personal property (and themselves) from the Residence following confirmation of the foreclosure sale. On August 31, 2015, the Court issued an Order of Foreclosure and Judicial Sale ("2015 Foreclosure Order"), ordering the sale of the Residence free and clear of all liens. ECF No. 158. As the Court has repeatedly explained, the 2015 Foreclosure Order directed, among other things:

> If any person fails or refuses to remove his
> or her personal property from the Residence
> by the time specified herein, the personal
> property remaining at the subject property
> thereafter is deemed forfeited and
> abandoned, and [Commissioner Lyle S.] Hosoda
> and/or his representative is authorized and
> directed to remove and dispose of it in any
> manner they see fit, including sale....

Id. at pp. 9-10 ¶ 14.

In addition, the Court's April 10, 2018 Order Confirming Sale, Approving Commissioner's Report, and Determining Priority of Future Disbursements stated:

4

> ...If any person fails or refuses to remove
> his or her personal property from the
> premises by the [escrow closing on May 11,
> 2018], any personal property remaining on
> the Residence thereafter is deemed forfeited
> and abandoned, and the Commissioner is
> authorized to remove it and dispose of it in
> any manner the Commissioner sees fit,
> including sale....

ECF No. 330 at p. 25 ¶ 9.

The Statons argue that Mrs. Statons' eleventh-hour bankruptcy filing resulted in the imposition of an automatic bankruptcy stay under 11 U.S.C. § 362(a) and therefore prevented the execution of the writ of assistance. Motion at p. 2, ECF No. 367. The argument is unavailing because it fails to consider the effect of the October 6, 2017 order, which granted in rem relief in Mrs. Statons' previous bankruptcy case (Case No. 17-00604). That order terminated the stay under 11 U.S.C. § 362(a) and provided in rem relief with respect to the Residence for 240 days.[2] ECF No. 294-1 at pp. 49-50; Bankr. Dkt. No. 63. Accordingly, following Plaintiff's recordation of the in rem order, the automatic stay under 11 U.S.C. § 362(a) does not apply to the foreclosure of the Residence in any bankruptcy case

---

[2] The order providing in rem relief stated: "this order is binding with respect to the subject property for 240 days after the date of entry of this order in any other bankruptcy case that has been or may be filed." Bankr. Dkt. No. 63 at p. 2. This "in rem" relief provision of the order was later upheld upon the Mrs. Staton's motion for reconsideration. See Bankr. Dkt. No. 66 at p. 3.

filed until June 3, 2018, or thereabout.  Mrs. Staton's May 11, 2018 bankruptcy filing did not stay the escrow closing or prevent the United States Marshals from executing the writ of assistance.

The Statons failed to remove their personal property from the Residence by the May 11, 2018 deadline.  Following the escrow closing that morning, the United States Marshals arrived at the Residence between 2:00 and 2:30 p.m. to assist Commissioner Hosoda in removing the Statons from the house.  The United States Marshals were confronted by the Statons, who indicated that they did not recognize Commissioner Hosoda's right to remove them from the Residence.  After the Marshals executed the writ of assistance, Commissioner Hosoda allowed the Statons to gather their personal property, including important documents, clothing, jewelry, and other valuables.

Over the next few days, Commissioner Hosoda exchanged e-mails with Mr. Staton attempting to arrange for the Statons to clear their possessions from the Residence.  On May 16, 2018, Commissioner Hosoda agreed to have a moving service the Statons hired remove their possessions.  Commissioner Hosoda met the Statons' moving service at the Residence on the morning of May 16, 2018.  The Statons promised Commissioner Hosoda that the removal would take place forthwith.  Following Commissioner

Hosoda's departure from the Residence, however, the Statons halted the completion of the removal of their personal property.

The Court held a hearing on the Statons' Motion and Amended Notice of Pendency of Action at 2:00 p.m. on May 16, 2018. The hearing was attended by Assistant United States Attorney Tom Helper for Plaintiff United States, the Statons, and Commissioner Hosoda. United States Department of Justice Attorney Charles Duffy appeared by telephone for Plaintiff. At the hearing, the Statons continued to object to the validity of the Court's final orders outlined above.

The Statons failed to provide any evidence to support entitlement to a temporary restraining order or other relief. The Motion is **DENIED** and the writ of assistance issued on May 9, 2018 remains in effect. The United States Marshals shall continue to assist Commissioner Hosoda in his efforts to remove the Statons' personal property from the Residence.

In addition, pursuant to Hawaii Revised Statutes 507D-7(a), the Court **STRIKES** the Statons' Amended Notice of Pendency of Action because it "is invalid and creates an encumbrance on or affects title or ownership" of the Residence. Shayefar v. Kaleleiki, No. CV 14-00322 HG-KSC, 2015 WL 9412111, at *13 (D. Haw. Dec. 22, 2015), aff'd, 698 F. App'x 467 (9th Cir. 2017).

**CONCLUSION**

For the foregoing reasons:

Defendants Ronald B. Staton and Brenda L. Staton's EMERGENCY MOTION FOR INJUNCTION (ECF No. 367) is **DENIED**.

Defendants Ronald B. Staton and Brenda L. Staton's Amended Notice of Pendency of Action (ECF No. 368) is **STRICKEN**.

The Hawaii State Bureau of Conveyances is **ORDERED** to expunge the invalid lien (ECF No. 368).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 17, 2018.

Helen Gillmor
United States District Judge

United States v. Staton, et al., Civ. No. 12-00319 ACK-KSC, Order Denying Defendants Ronald and Brenda Statons' Emergency Motion for Injunction (ECF No. 367) and Striking the Amended Notice of Pendency of Action (ECF No. 368)

8