IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. 12-00319 ACK-KSC |
| ) | |
| Plaintiff, ) | FINDINGS AND |
| ) | RECOMMENDATION DENYING IN |
| vs. ) | PART AND GRANTING IN PART |
| ) | DEFENDANTS NAVY FEDERAL |
| RONALD B. STATON; BRENDA ) | CREDIT UNION AND CAPSTEAD |
| L. STANTON; NAVY FEDERAL ) | MORTGAGE CORPORATION'S |
| CREDIT UNION; CAPSTEAD ) | MOTION FOR ATTORNEYS' FEES |
| MORTGAGE CORPORATION; ) | AND COSTS |
| STATE OF HAWAII, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

FINDINGS AND RECOMMENDATION DENYING IN PART AND
GRANTING IN PART DEFENDANTS NAVY FEDERAL CREDIT UNION
AND CAPSTEAD MORTGAGE CORPORATION'S MOTION FOR
ATTORNEYS' FEES AND COSTS

Before the court is Defendants Navy Federal Credit Union and

Capstead Mortgage Corporation's (collectively "Lender Defendants") Motion for

Attorneys' Fees and Costs ("Motion"), filed May 4, 2018. The Court finds this

matter suitable for disposition without a hearing pursuant to Rule 7.2 (d) of the

Local Rules of Practice for the United States District Court for the District of

Hawaii ("Local Rules"), after careful consideration of the parties' submissions and

the applicable law, the Court FINDS AND RECOMMENDS that Lender

Defendants' Motion be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The Court and the parties are familiar with the extensive factual and procedural history of this case, therefore, the Court includes only those facts relevant to the disposition of this Motion.

On June 4, 2012, the United States of America ("Plaintiff") filed this action seeking to reduce federal tax assessments to judgment and to foreclose federal tax liens on real property. Judgments were entered on September 30, 2014 and November 25, 2014 in favor of the Plaintiff. In February 2015, Plaintiff and Defendant Capstead Mortgage Corporation ("Defendant Capstead") executed a Stipulation and Order Regarding Priority Between Plaintiff and Lender Defendants ("Stipulation"). In this Stipulation, Plaintiff and Lender Defendants Capstead agreed that Defendant Capstead would have priority over Plaintiff's tax liens. They further agreed that Defendant Capstead would be entitled to $35,000.00 in attorneys' fees and costs plus any fees and costs over that amount that were incurred by it after the date of the Stipulation for "necessary affirmative legal action". Stipulation 8. On February 24, 2015, the Stipulation was sent to the Court. On March 2, 2015, Judge Kay issued an Entering Order which stated:

> On February 24, 2015, counsel submitted to Chambers a proposed
> Stipulation and Order Regarding Priority Between Plaintiff United

2

> States of America and Defendants Capstead Mortgage Corporation
> and Navy Federal Credit Union ("Stipulation"). The Stipulation states
> that the "amount owed to Capstead under the Staton Mortgage, as of
> 2/2/2015, is $297,421.35. Stipulation 7. It also states that the "total
> amount of legal fees and costs owed to Capstead for defending this
> case is $35,000.00. Id. 8. However, because these figures have not
> been established, the Court is unable to issue an Order approving the
> Stipulation at this time.

ECF No. 115.

On April 10, 2018, Judge Kay issued an Order Confirming Sale, Approving Commissioner's Report, and Determining Priority of Future Disbursement, which among other things, reserved consideration of the distribution of the sale proceeds "pending a final determination of: (a) the reasonable amount of attorneys' fees and costs to which Capstead Mortgage Corporation is entitled . . ." . ECF No. 330.

On May 4, 2018, Lender Defendants filed the present Motion and a Bill of Costs. This Court, on May 9, 2018, issued an Entering Order ("EO") striking the Bill of Costs, saying in pertinent part, "[i]nsofar as the Bill of Costs fails to comply with Local Rule 54,2, it is HEREBY STRICKEN". Doc. No. 359. On May 11, 2018, Lender Defendants filed a Motion to Set Aside Order Striking Bill of Costs, or in the Alternative, for Leave to Re-File Bill of Costs ("Motion to Set Aside"). The Court on June 25, 2018, denied the Motion to Set Aside.

Plaintiff filed its Objection to the Motion for Attorney Fees by

Capstead Mortgage Company and Navy Federal Credit Union on June 8, 2018.[1]

Defendants Brenda Staton and Ronald Staton (collectively, "Defendants Statons") filed their Objection to the Motion for Attorney's Fees Filed by Capstead Mortgage Company and Navy Federal Credit Union on June 13, 2018.[2]  A Reply was filed by Lender Defendants on June 22, 2018.

On July 9, 2018, the Court directed Plaintiff and Defendants Statons to file responses to Lender Defendants' argument regarding the 2015 stipulation by August 1, 2018.  Plaintiff filed its Brief in Response to the Court's July 9, 2018 Minute Order on July 25, 2018.  On August 1, 2018, Defendants Statons filed their Response to Court's July 9, 2018 Minute Order.

## DISCUSSION

Insofar as Judge Kay has already determined that Lender Defendants are entitled to reasonable attorneys' fees and costs, this Court need only evaluate the reasonableness of the requested fees and costs.  See Order Confirming Sale, Approving Commissioner's Report and Determining Priority of Future

---

[1] Plaintiff's Motion for Leave to File its Objection to the Legal Fees and Cost of Capstead and Navy Federal Credit Union One Week Late was granted by the Court on June 8, 2018, thus Plaintiff's Objection is timely.

[2] Defendants Statons' Objection to the Motion was filed on June 13, 2018 and no Motion for extension of time to file an objection was filed or granted by the Court.  The Court finds Defendants Staton's Objection is untimely and will not be considered by the Court.

4

Disbursements filed on April 10, 2018.  ECF No. 330

A.  Attorneys' Fees

Lender Defendants request a total of $106,257.22 in attorneys' fees. Before determining the reasonableness of these fees, the Court will address the Stipulation.

Plaintiff and Lender Defendants executed a Stipulation in February 2015 that provided, among other things, that Lender Defendants would have priority over the Plaintiff's tax liens and an agreement of a cap of $35,000.00 in attorneys' fee and costs. The Stipulation states, "[t]he parties to this Stipulation acknowledge that the $35,000.00 amount is a cap on the amount of legal fees and costs that Capstead (and/or N[avy] F[ederal] C[redit] U[nion] can recover . . ." Stipulation 8.  The Stipulation goes on further to state that the $35,000.00 may increase "to the extent that any necessary affirmative legal action is hereafter taken in this litigation by Capstead . . ."  Id.

Lender Defendants contend that the cap on attorneys' fees is legally unsubstantiated and is against "applicable law and common sense".  Lender Defendants' Reply Memoranda page 4.  Lender Defendants further contend that the $35,000.00 cap was conditioned on Lender Defendants being able to recover all the amounts owed to them without any further action on their part.  They argue that

the condition precedent of lack of action on their did not occur, therefore the cap of attorneys' fees and costs is not triggered.  Id.  This Court finds this argument unpersuasive.  The interpretation of a stipulation is governed by principles of contract law.  Jeff D. V. Andrus, 899 F.2d 753, 759 (9th Cir. 1989).  See also, Miller v. Fairchild Indus., 797 F.2d 727, 733 (9th Cir.1986) ("[s]ettlement agreements have the attributes of contracts, and they should be construed as such.") ;  Fred Hutchison Cancer Research Ctr. v. United of Omaha Life Ins. Co., 821 F.Supp. 644, 647 (D.Or.1993)("[T]he interpretation and enforceability of [a] stipulation ... [is] governed by the basic principles of contract law.").  There is no dispute that the parties to the Stipulation negotiated and agreed to the terms in the Stipulation, as well as signed the document.

      Under the plain language of the Stipulation, Defendant Capstead could recover amount above the $35,000.00, if they undertook "necessary affirmative legal action" after the date of the Stipulation.  Id.  Therefore, if Lender Defendants showed that they took affirmative legal actions after the execution of the Stipulation, they would be able to recover fees and costs above the $35,000.00 cap.  Lender Defendants made no such showing, instead they relied on the argument that lack of action on their part was the condition precedent to capping their attorneys' fees and costs.  As the Court stated above, it disagrees with that

assessment. As such, the Court finds that the Stipulation is controlling as to the attorneys' fees and costs expended in the foreclosure action. Therefore, Lender Defendants are granted attorneys' fees and costs in the amount of $35,000.00 for the foreclosure action.

With regards to the requested $27,527.50 in fees for the bankruptcies actions, the Court will assess the reasonableness of the fees requested by Lender Defendants.[3] Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not already been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

The factors articulated by the Ninth Circuit in Kerr are as follows:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the

---

[3] The Court finds that the Stipulation does not apply to the fees requested for the bankruptcy cases. Also, the Court notes that Plaintiff does not believe the Stipulation is binding on the fees incurred from the bankruptcy cases.

>       legal service properly, (4) the preclusion of other employment
>       by the attorney due to acceptance of the case, (5) the customary
>       fee, (6) whether the fee is fixed or contingent, (7) time
>       limitations imposed by the client or the circumstances, (8) the
>       amount involved and the results obtained, (9) the experience,
>       reputation, and ability of the attorneys, (10) the "undesirability"
>       of the case, (11) the nature and length of the professional
>       relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

  1. Hourly Rates

  Lender Defendants request the following hourly rates for attorneys: (1) Miranda Tsai at $250.00 and $260.00; (2) Jeffrey Flores at $260.00 and $270.00; and (3)Lahela Hite at $290.00. They request paralegal hourly rates of

$140.00 for Claudia Lopez and $65.00 for Nelson Kwok as a document analyst.

In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account. See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); Mendez v. Cty. of San Bernardino, 540 F.3d 1109, 1129 (9th Cir. 2008) ("[T]he court must consider what constitutes a reasonable hourly rate for work performed in the relevant community by attorneys of similar skill, experience and reputation.").  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

The Court finds that the requested hourly rates for attorneys Tsai, Flores and Hite are reasonable hourly rates for their experience.  Ms. Tsai and Mr. Flores have been licensed to practice in State and Federal Courts in Hawaii since

2005 and 2007, respectively.[4]  Declaration of Jerrold K. Guben at paragraph 6 and 7.  Ms. Hite is a partner O'Connor Playdon Guben & Inouye LLP and has been licensed to practice since 2010 in both State and Federal Courts in Hawaii.  Id. at paragraph 5.

The Court also finds that the requested hourly rate for paralegal Claudia Lopez is reasonable for her 9 years experience in transactions and bankruptcies.  Id. at paragraph 6.  However, the Court declines to designate an hourly rate for Nelson Kwok, who at the time of the hours requested was a Document Analyst, not a paralegal.  Id. at paragraph 9.  Crawford v. Japan Airlines, Civil No. 03–00451 LEK–KSC, 2014 WL 1326576, at *3 (D.Haw. Jan. 22, 2014), adopted in pertinent part by 2014 WL 1326580 (D.Haw. Mar. 28, 2014) ("[O]nly the reasonable hours incurred by attorneys and paralegals [are] compensable. This Court does not compensate for the time expended by other professionals such as librarians, litigation specialists, litigation coordinators, or legal assistants ." (quoting HRPT Props. Trust v. Lingle, 775 F.Supp.2d 1225, 1239–40 (D.Haw.2011)).  As such, Mr. Kwok's hours are not recoverable.

   2.   Hours Reasonably Expended

---

[4] Both Ms. Tsai and Mr. Flores are no longer practicing law at this time, but at all times relevant to this action they were licensed to practice.

Beyond establishing a reasonable hourly rate, Lender Defendants bear the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  Courts must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  Id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Plaintiff argues that Lender Defendants should not be allowed to collect all its fees related to the inconsistent positions it took on two motions to lift stay.  Plaintiff contends that Lender Defendants saw the opportunity for collection of larger fees by changing their position.  The Court disagrees with Plaintiff's position.  The two bankruptcy actions were not the same; they were filed by two different individuals with issues unique to each of them. Moreover, the Court

11

declines to second guess Lender Defendants' litigation strategy.

After conducting at thorough review of Lender Defendants' submissions, the Court finds that Lender Defendants reasonably expended 121.6 hours in the bankruptcy actions.

| NAME | HOURS | RATE | TOTAL |
|---|---|---|---|
| Miranda Tsai | 28.9 | $250.00 | $7,225.00 |
| Miranda Tsai | .3 | $260.00 | $78.00 |
| Jeffrey Flores | 3.5 | $260.00 | $910.00 |
| Jeffrey Flores | 53.7 | $270.00 | $14,499.00 |
| Lahela Hite | 9.5 | $290.00 | $2,755.00 |
| Claudia Lopez | 11.4 | $140.00 | $1,596.00 |
| **TOTAL** | | | **$27,063.00[5]** |

The Court recommends that the district court award Lender Defendants $35,000.00 (amount agreed to in the Stipulation) plus $27,063.00 (fees for bankruptcy proceedings) for a total of $62,063.00 in attorneys' fees.

II. Non-Taxable Costs

In addition to fees, Lender Defendants seeks costs.[6] In accordance

---

[5] This amount reflects the no charge amounts set forth in footnote 10 to Lender Defendants' Motion.

[6] Pursuant to the order Denying Defendants Navy Federal Credit Union and Capstead Mortgage Corporation's Motion to Set Aside Order Striking Bill of Costs, or in the Alternative, for leave to Re-File Bill of Costs, this Order shall consider only non-taxable costs sought by the

with the finding above with regards to the Stipulation, the court will only consider the non-taxable costs incurred in the bankruptcy proceedings. Lender Defendants seek $803.42 in costs incurred in the bankruptcy proceedings. This amount contains taxable and non-taxable amounts. Local Rule 54.3 (d)(3) states with regards to non-taxable expenses, "the moving party shall set forth the applicable authority entitling the moving party to such expense and should attach copies of invoices and receipts, if possible." Lender Defendants fail to provide documentation or support for their request for non-taxable costs. For example, Lender Defendants request postage and copying costs but fail to supply the Court with a description of the postage or copying expenses. The limited information provided precludes an analysis of reasonableness with regards to the non-taxable costs request. Therefore, the Court DENIES Lender Defendants' request for non-taxable costs.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Defendant's Motion be GRANTED IN PART AND DENIED IN PART. The Court recommends that Lender Defendants be awarded **$62,063.00** in fees.

---

Lender Defendants.

DATED: Honolulu, Hawaii, September 27, 2018.



Kevin S.C. Chang
United States Magistrate Judge