IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 12-00319 ACK-KSC |
| ) | |
| RONALD B. STATON, BRENDA L. STATON,) | |
| NAVY FEDERAL CREDIT UNION, ) | |
| CAPSTEAD MORTGAGE CORPORATION, ) | |
| and STATE OF HAWAI`I, ) | |
| ) | |
| Defendants. ) | |

## ORDER

For the reasons set forth below, the Court (1) determines the amount of principal, interest and penalties on Defendant Ronald B. Staton's tax liabilities owed to Plaintiff United States; (2) determines the amount of principal, interest and costs owing to the Lender Defendants under the Statons' mortgage; (3) approves the Commissioner's Request for additional commissioner fees and costs, as modified herein; (4) determines the amount of proceeds from the sale of the subject property to which each party is entitled; and (5) orders disbursement of the remaining sales proceeds.

## BACKGROUND

For purposes of this Order, the Court will not recount this case's lengthy procedural history beginning in 2012. The

Court only discusses those facts of specific relevance to the issues that this Order addresses.

On April 10, 2018, the Court filed an Order Confirming Sale, Approving Commissioner's Report, and Determining Priority of Future Disbursements (the "April Order"). ECF No. 330. In the April Order, the Court (1) confirmed the sale of the subject property; (2) approved the Commissioner's Report requesting commissioner fees and costs related to the sale of the subject property; and (3) approved the proposed order of priority for future disbursements. April Order at 1. As to the distribution of sales proceeds, the Court reserved consideration of that issue pending a final determination of: (1) the reasonable amount of attorneys' fees and costs to which Defendants Navy Federal Credit Union and Capstead Mortgage Corporation (the "Lender Defendants") are entitled; and (2) the amount of interest and penalties to which Plaintiff United States is entitled. Id. at 1-2. The Court stated that it would rule on the ultimate amount of sales proceeds to be distributed to each party and order distribution of the proceeds following a separate hearing. Id.

On September 27, 2018, the Magistrate Judge filed its Findings and Recommendation (the "F&R") regarding the amount of attorneys' fees and costs to which the Lender Defendants are entitled. ECF No. 400. The Magistrate Judge found that the

Lender Defendants were entitled to total award of $62,063.00 consisting of (1) $35,000.00 in attorneys' fees and costs as agreed to by Plaintiff United States and the Lender Defendants in a Stipulation dated February 24, 2015; and (2) $27,063.00 in attorneys' fees incurred in related bankruptcy proceedings.  F&R at 12.  The Magistrate Judge denied the Lender Defendants' request for costs incurred in the bankruptcy proceedings because the Lender Defendants did not adequately substantiate the costs that they incurred.  Id. at 13.  This Court reviewed the hours billed and rates charged and found that the attorneys' fees and costs the Magistrate Judge recommended were reasonable; on October 18, 2018, this Court filed an Order Adopting the Magistrate Judge's Findings and Recommendation.  ECF No. 404.

On May 16, 2018, Plaintiff United States filed a Memorandum correcting and clarifying the amount of interest and penalties that it seeks to recover in this matter.  ECF No. 369. On the same day, the Lender Defendants filed a Statement of No Position with respect to Plaintiff United States's Memorandum. ECF No. 373.

In its April Order, the Court approved the Commissioner's Report of Sale dated February 14, 2018, ECF No. 270, in which the Commissioner requested a total of $39,048.15 consisting of:  (1) $30,065.00 in commissioner fees for past services; (2) $2,000.00 in commissioner fees for anticipated

3

future services; (3) a $1,416.67 General Excise Tax; and (4) a $5,566.48 reimbursement for costs associated with publicizing the foreclosure sale. April Order at 22. On May 11, 2018, the Commissioner received a check for $39,048.15 in satisfaction of his Court-approved Report. ECF No. 395-1.

On June 27, 2018, the Commissioner filed a Declaration requesting additional commissioner fees and costs relating to his efforts to remove Defendants Ronald B. Staton and Brenda L. Staton (the "Statons") and their personal property from the subject property post-closing. ECF No. 395. In his Declaration, the Commissioner requested a total of $18,658.36 consisting of: (1) $14,207.50 in additional commissioner fees for past services; (2) $2,000.00 in additional commissioner fees for anticipated future services; (3) a $669.46 General Excise Tax; and (4) a $1,781.40 reimbursement for costs associated with the eviction. Decl. ¶ 20. On June 28, 2018, Plaintiff United States filed a Statement of No Opposition to the Commissioner's Request. ECF No. 396.

On October 18, 2018, this Court entered a Minute Order, ECF No. 405, that: (1) directed the Lender Defendants to file any objections to the Commissioner's Declaration by Monday, October 29, 2018; and (2) directed the Statons to file any objections to Plaintiff United States's Memorandum and the Commissioner's Declaration by the same deadline. On October 19,

4

2018, the Lender Defendants filed a Statement of No Position regarding the Commissioner's Declaration. ECF No. 406. On October 29, the Statons filed a request, ECF No. 408, asking for additional time to object to Plaintiff United States's Memorandum and the Commissioner's Declaration. On October 30, 2018, the Court granted the Statons an extension until November 5, 2018. ECF No. 407. On November 5, 2018, the Statons filed a Response (the "Response") that raises objections to both Plaintiff United States's Memorandum and the Commissioner's Declaration. ECF No. 409.

In this Order, the Court addresses each of the following issues in turn: (1) the amount of principal, interest and penalties to which Plaintiff United States is entitled; (2) the amount of principal, interest and costs owing to the Lender Defendants under the Statons' mortgage; (3) the amount of additional commissioner fees and costs to which the Commissioner is entitled; and (4) the amount of proceeds from the sale of the subject property to which each party is entitled. Finally, the Court addresses disbursement of the proceeds of the sale in accordance with the order of priority set forth in its April Order. The Court, in the exercise of its discretion pursuant to Local Rule 7.2(d), finds that these matters are appropriate for disposition without a hearing.

**DISCUSSION**

**I. Amount of Principal, Interest and Penalties to which Plaintiff United States Is Entitled**

On February 15, 2018, Plaintiff United States filed a Notice (the "Notice"), ECF No. 271, providing that the aggregate balance of Mr. Staton's tax liabilities for the years 2001 through 2007, as of March 30, 2018, was $412,166.31. Notice at 2. In its April Order, the Court approved Mr. Staton's tax liabilities owed to Plaintiff United States in the amount of $355,526.74.[1] April Order at 26. Given the discrepancy between the amount set forth in Plaintiff United States's Notice and the amount approved in the Court's April Order, the Court directed Plaintiff United States to file a Memorandum clarifying the amount of penalties and interest it is seeking to recover from Mr. Staton. Id. Plaintiff United States filed its Memorandum on May 16, 2018.

---

[1] This amount was determined pursuant to two stipulations filed by Plaintiff United States and Mr. Staton. Pursuant to the first stipulation, filed on September 30, 2014, the Court entered judgment against Mr. Staton with respect to tax years 2001, 2002, 2003, and 2005 in the amount of $273,715.67, plus interest accruing after July 1, 2014 and less any payments made or credits applied after that date. ECF No. 104 at 2. Pursuant to the second stipulation, filed on November 25, 2014, the Court entered judgment against Mr. Staton with respect to tax years 2004, 2006, and 2007 in the amount of $81,811.07, plus interest accruing after October 31, 2014 and less any payments made or credits applied after that date. ECF No. 108 at 2.

6

Plaintiff United States explains that after the Court filed its April Order, the Internal Revenue Service (the "IRS") determined that it made a calculation error when it added failure to pay penalties for the 2001, 2002, and 2003 Tax Years in the total amount of $8,523.00. United States's Memorandum at 4. Because the IRS added the penalties in error, Plaintiff United States corrected the aggregate amount owed as of March 30, 2018, which it states is $403,643.31. Id.

Plaintiff United States explains that the discrepancy between the Court's judgment of $355,526.74 and the requested amount of $403,643.31 is due to (1) two payments made by Mr. Staton in the amounts of $992.00 and $186.00 for the 2001 Tax Year; (2) a collection fee of $128.00 for the 2001 Tax Year; and (3) interest in the total amount of $49,166.57 for the 2001-2007 Tax Years as of March 30, 2018. Id. at 6-11.

The Statons argue that "the United States has wrongfully added extra penalties and interest" to the tax judgments. Response at 3. With respect to the "extra penalties," the Court finds that this argument is without merit. As discussed, Plaintiff United States eliminated failure to pay penalties totaling $8,523.00 which the IRS had erroneously added to Mr. Staton's tax liabilities when Plaintiff United States filed its Notice. United States's Memorandum at 4.

The Statons also argue that Plaintiff United States inappropriately added interest to the tax judgment based upon the stipulations approved by this Court.  Response at 3.  The Court rejects this argument given that the stipulation and judgment for the 2001, 2002, 2003, and 2005 Tax Years expressly provides for "interest accruing after July 1, 2014 pursuant to 26 U.S.C. § 6621."  ECF No. 104 ¶ 1.  Similarly, the stipulation and judgment for the 2004, 2006, and 2007 Tax Years expressly provides for "interest accruing after October 31, 2014 pursuant to 26 U.S.C. § 6621."  ECF No. 108 ¶ 1.  As Plaintiff United States explains in detail throughout its Memorandum, interest has been added to the tax judgments through March 30, 2018 in precise accordance with these provisions.  United States's Memorandum at 6-11.

The interest owing on Mr. Staton's tax liabilities did not stop accruing on March 30, 2018.  Accordingly, on December 6, 2018, the Court entered a Minute Order directing Plaintiff United States to file a Notice setting forth the amount of interest owing on Mr. Staton's tax liabilities from March 30, 2018 to December 20, 2018.  ECF No. 411.  On December 13, 2018, Plaintiff United States filed a Notice indicating that the amount of interest owing for that 265-day period is $14,981.47.  ECF No. 412.  The Court has reviewed the Notice and the

calculations therein, and finds that the amount of interest requested for this period is appropriate.

For the foregoing reasons, the Court finds that the Statons' objections to Plaintiff United States's Memorandum are without merit. The Court has reviewed Plaintiff United States's Memorandum and the calculations set forth therein, as well as the Notice providing the amount of interest owing from March 30, 2018 to December 20, 2018, and finds that Plaintiff United States's request for interest in the total amount of $64,148.04, as of December 20, 2018, is appropriate. The Court also finds that the collection fee of $128.00 assessed for Mr. Staton's 2001 Tax Year is appropriate. Accordingly, the Court approves Mr. Staton's aggregate tax liability to Plaintiff United States, as of December 20, 2018, in the amount of $418,624.78.

II. **Amount of Principal, Interest and Costs Owing to the Lender Defendants under the Statons' Mortgage**

The Lender Defendants initially requested $289,949.89 in principal and $4,357.59 in interest, as of March 1, 2018. ECF No. 282. In preparing this Order, the Court noted several mathematical errors in the Lender Defendants' submissions, which the Court described in a Minute Order dated December 5, 2018. ECF No. 410. In that Minute Order, the Court directed the Lender Defendants to file a Notice indicating the total amount owing under the loan as of December 20, 2018, including the

amount of principal due as of that date as well as the amount of interest. The Court also directed the Lender Defendants to include the total amount owing under the loan as of March 1, 2018, including the amount of principal due as of that date as well as the amount of interest. The Lender Defendants' filed their Notice on December 13, 2018. ECF No. 413.

The Lender Defendants' Notice states that they were owed $289,575.64 in principal and $4,973.84 in interest as of March 1, 2018. The Notice also stated that as of December 20, 2018, the Lender Defendants are owed $289,197.10 in principal and $17,546.57. The Lender Defendants also request a recording fee in the amount of $25.00. Accordingly, the Lender Defendants request a total amount owing under the Statons' mortgage of $306,768.67. The Court has reviewed the figures and calculations provided by the Lender Defendants, and finds that the amount requested is appropriate.

As of the date of this Order, December 20, 2018, the Court finds that the total amount owing under the Statons' mortgage to which the Lender Defendants are entitled is $306,768.67. This amount consists of $289,197.10 in principal; $17,546.57 in interest; and a $25.00 recording fee. Together with the approved attorneys' fees and costs in the amount of $62,063.00, the Court approves a total amount of $368,831.67 for the Lender Defendants.

## III. Additional Commissioner Fees and Costs to Which the Commissioner Is Entitled

The Commissioner has requested additional commissioner fees and costs in the amount of (1) $14,207.50 in commissioner fees for additional past services; (2) $2,000.00 in commissioner fees for additional anticipated future services; (3) a $669.46 General Excise Tax; and (4) a $1,781.40 reimbursement for costs associated with the eviction. Commissioner's Decl. ¶ 20. The Commissioner's request for additional commissioner fees and costs is based primarily upon the difficulties and challenges that were faced in removing the Statons and their personal belongings from the property.

However, the Court notes that the request for $14,207.50 in additional commissioner fees for past services does not account for the $2,000.00 in additional anticipated commissioner fees that the Court approved in its April Order and that were paid to the Commissioner on May 11, 2018. Therefore, the Court finds it appropriate to reduce the Commissioner's request by $2,000.00 and approve additional commissioner fees for past services in the amount of $12,207.50.

The Court also declines to approve the Commissioner's request for $2,000.00 in additional anticipated commissioner fees for future service. Decl. ¶ 20. The Commissioner argues that this request is reasonable because one of the many appeals

the Statons have filed in this case concerns the Commissioner's conduct during the course of the sale of the subject property, removal of the Statons' belongings, and eviction of the Statons. Id. ¶ 22. The Court declines to approve the Commissioner's request at this time. If the Commissioner does incur additional expenses, then he should at that time file a motion and affidavit before the Ninth Circuit in conjunction with any appeals in which he has incurred attorneys' fees and costs.

In their Response, the Statons object to the Commissioner's request on several grounds which the Court now addresses.

First, the Statons argue that no additional funds should be distributed to the Commissioner because the Order denying the Statons' "Emergency Motion for Injunction," ECF No. 375, is currently on appeal. Response at 2. The Statons filed their "Emergency Motion for Injunction" in an attempt to halt the eviction from taking place. This Court denied the Statons' Motion and the eviction took place on May 15, 2018. Despite the Statons' appeal, the Court sees no reason why the Commissioner should be denied the commissioner fees and costs he incurred in the process of carrying out the court-ordered eviction and the Statons have cited no authority in support of their argument.

The Statons next argue that the Commissioner's request for additional commissioner fees and costs is "exorbitant" for

12

work "done in 10 hours use [sic] or less (May 11, 2018 and May 16, 2018)."  Response at 2.  The Statons' argument is misguided because the Commissioner's fee request includes work performed over the course of several months—from February 14, 2018, the date that the Commissioner submitted his initial commissioner fee request, until June 19, 2018, the date that the Commissioner submitted his Declaration requesting additional commissioner fees and costs.  See ECF No. 395-12.

The Statons also argue that the Commissioner has not provided adequate documentation supporting his request for reimbursement of costs associated with the eviction.  Response at 2.  In fact, the Commissioner has provided documentation supporting his reimbursement request in the form of invoices from the moving and junk removal firms and receipts from the storage company that the Commissioner engaged to assist with the eviction.  See ECF Nos. 395-9, 395-10, and 395-11.

Finally, the Statons contend that they were cooperative throughout the eviction process, and that it was the Commissioner's lack of cooperation which caused him to incur additional commissioner fees and costs.  Response at 2-3.  The Court finds this argument unpersuasive upon review of the Exhibits that the Commissioner attached to his Declaration consisting of email correspondence between the Commissioner and the Statons, which indicate that the Statons were not

13

particularly cooperative during the day of and the days preceding the eviction.  See ECF Nos.  395-2, 395-5, and 395-6.

In light of the challenges and lack of cooperation that the Commissioner faced in carrying out his duties, the Court finds that the Commissioner's request for additional commissioner fees and costs, as modified herein, is reasonable. The Court has reviewed the hours billed and the rates charged by the Commissioner for his services and the services of his colleagues, and finds that the hours and rates are reasonable. The Court approves a total amount of $14,658.36 consisting of: (1) $12,207.50 in additional commissioner fees for past services; (2) a $669.46 General Excise Tax;[2] and (3) a $1,781.40 reimbursement for costs associated with the eviction.

---

[2] The Court finds that the Commissioner's request for a $669.46 General Excise Tax is appropriate.  The request is appropriate because in its April Order, the Court approved the Commissioner's fee request for past services in the amount of $30,065.00 and anticipated future services in the amount of $2,000.00, plus a $1,416.67 General Excise Tax; however, that General Excise Tax only covered the tax on the $30,065.00 commissioner fee for past services.  In this Order, the Court approves a total of $12,207.50 in additional commissioner fees for past services, plus a $669.46 General Excise Tax.  This $669.46 General Excise Tax covers both the $12,207.50 that the Court approves in this Order, plus the $2,000.00 in commissioner fees for anticipated future services which the Commissioner requested in his initial Report, and the Court approved in its April Order, but which the initial General Excise Tax did not cover.

14

**IV. Determination of the Amount of Sale Proceeds to Which Each Party Is Entitled**

In its April Order, the Court confirmed the sale of the subject property for a price of $1,135,000.00. April Order at 23. At the escrow closing, the Commissioner received a check in the amount of $39,048.15 in satisfaction of his initial request for commissioner fees and costs, leaving $1,095,951.85 in remaining proceeds. ECF No. 395-1. Various utility payments and credits, as well as a county tax credit, were also applied at that time resulting in $1,096,108.23 in proceeds.[3] Id. As of December 20, 2018, a total of $1,107,551.72 (consisting of $1,096,108.23 in principal and $11,443.49 in interest, and certain expenses and credits) remains in the registry of the Court. Pursuant to its April Order setting forth the order of priority for all future disbursements, this Court approves the amount of sales proceeds to which each party is entitled as follows:

> 1. To Commissioner Lyle S. Hosoda for the additional commissioner fees and costs he has incurred since the Court approved his initial request for commissioner fees and costs, a total amount of $14,658.36;

---

[3] These payments and credits consist of: (1) a total payment of $541.38 for water and sewage services (consisting of two payments of $134.16; one payment of $268.32; and one payment of $4.74); (2) a credit of $111.80 for water and sewer services; and (3) a credit of $585.96 for county taxes. See ECF No. 395-1.

15

>    2.  To the Lender Defendants Navy Federal Credit Union and Capstead Mortgage for the principal, interest and recording fee to which they are entitled in the amount of $306,768.67 (consisting of $289,197.10 in principal, $17,546.57 in interest, and a $25.00 recording fee), plus attorneys' fees and costs in the amount of $62,063.00, for a total amount of $368,831.67;

The amount of sales proceeds remaining after payment to the Commissioner and the Lender Defendants is $724,061.69. That amount is to be distributed as follows:

>    3.  To Defendant Brenda L. Staton, fifty (50) percent of the remaining proceeds for a total amount of $362,030.85; and
>
>    4.  To Plaintiff United States, fifty (50) percent of the remaining proceeds for a total amount of $362,030.84.

## V. Deficiency Judgment

In its April Order, the Court also reserved jurisdiction in order to address the possible entry of a deficiency judgment in favor of Plaintiff United States. Plaintiff United States requested a deficiency judgment should the sales proceeds fail to satisfy Mr. Staton's federal tax liabilities. ECF No. 272-1 at 6.

Mr. Staton's federal tax liabilities are $418,624.78 as of December 20, 2018, and Plaintiff United States received $362,030.84 in proceeds from the foreclosure sale. Accordingly, the Court finds that a deficiency exists in the amount of $56,593.94.

**CONCLUSION**

For the foregoing reasons the Court directs the Clerk of Court to disburse the remaining proceeds of the sale to each of the parties in accordance with the amounts approved above.

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Clerk of Court is further directed to enter judgment in accordance with this order, including a deficiency judgment against Mr. Staton in the amount of $56,593.94.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, December 20, 2018

_____
Alan C. Kay
Sr. United States District Judge

United States v. Staton, et al., Civ. No. 12-00319 ACK-KSC, Order.